RICHARD W. WILLS, PLAINTIFF-RESPONDENT, v. BUDD H. ATKINSON, DEFENDANT-APPELLANT.

Argued May 4, 1937—Decided May 17, 1937.

Before Justices LLOYD, CASE and DONGES.

For the plaintiff-respondent, *James Mercer Davis.*

For the defendant-appellant, *Robert Peacock.*

PER CURIAM.

The defendant seeks to open a judgment entered against him and to be allowed to submit a defense to the action. The matter is before us on the return of a rule directing Richard W. Wills, plaintiff, and Robert A. Cook, assignee, to show cause why the judgment should not be vacated and set aside, and restraining the sheriff of the county of Burlington from making sale of the securities taken under the execution and from proceeding with the execution until the further order of the court. In accordance with the provisions of the rule proofs were taken before a Supreme Court commissioner.

Appellant is a farmer sixty-six years of age. The judgment was on bond and warrant of attorney executed in connection with a mortgage upon property which, according to the record, was conveyed by Richard W. Wills to Atkinson contemporaneously with the execution of the bond and mortgage. The mortgage was shut out by the foreclosure of a prior encumbrance. The judgment in the instant cause being on bond and warrant, the defendant had no notice of the action. The first knowledge that he had of the judgment or of the events leading thereto was obtained from the service upon him of a *fieri facias* for the amount of the judgment and costs. Proofs are submitted by the appellant which, *prima facie,* sustain his contention that the conveyance of title to him was without his knowledge and that the mortgage and the bond and warrant of attorney were executed by him under the mistaken belief and on the representation of the officer who took his acknowledgment thereto that they were papers of an entirely different character, and that the entire transaction was a fraud upon him.

It appears from the facts alleged by the appellant and supported by the proofs placed by him before us that he has a meritorious defense to an action on the bond.

The judgment will be opened to permit a defense to be interposed; the lien of the execution to continue, however, until the further order of the court; costs to abide the event. If, as we surmise, there is nothing in the files to which defendant may answer, the plaintiff will promptly serve and file a complaint, failing which defendant may apply to this court for an absolute vacating of the judgment, of the execution issued thereon and the levy made thereunder.