ANTON H. MAZARIN, APPELLEE, v. HUDSON COUNTY REAL ESTATE AND BUILDING COMPANY, APPELLANT.

Argued February 16, 1910—Decided June 13, 1910.

"An act relating to usury" (*Pamph. L.* 1902, *p.* 459) does not prevent a corporation from setting up the defence of usury in an action brought against it by a broker upon a contract that is in violation of section 5 of "An act against usury." *Gen. Stat., p.* 3703.

On appeal from the District Court of Hoboken.

Before Justices GARRISON, SWAYZE and PARKER.

For the appellant, *Samuel A. Besson.*

The opinion of the court was delivered by

GARRISON, J.    The state of demand filed in ' the District Court was based on a special contract that was annexed thereto, the common counts being also added.    The contract so annexed was as follows:

"West New York, N. J., Aug. 24, 1909.    We, the undersigned, desires to procure a loan of $15,000 at 6 per cent. interest per annum on N. W. Cor. of Herman Ave. and 5th St., Guttenberg, N. J., for 3 or 5 years on mortgage secured by bond of Hudson County R. Estate & Building Co., on the property described as follows:    *   *   *    (Description.)

"This agreement to be valid for any amount of mortgage accepted.

"(Signed)    Geo. F. Losche, Treas."

"We hereby authorize Mr. A. B. Mazarin to procure for us the above loan, on obtaining which we agree to pay him seven hundred and thirty dollars ($730.00) for services rendered.

"Hudson County Real Estate & Building.    L. Schroeder, Pres., Geo. F. Losche, Treas.    (Seal.)"

The plaintiff procured for the defendant a loan of $12,000 to be secured by an installment mortgage that was to run for ten years and· be paid · off in ·monthly payments of one hundred dollars on ' the principal.    The plaintiff was paid by the defendant $390 and brought this suit for the balance of the $730 mentioned in the agreement, to ·wit, $340, for which he received judgment before the District Court sitting without a jury. · We think that this judgment was erroneous and that the nonsuit asked for by the defendant should have been granted.    We interpret the contract as being for a loan and commissions for obtaining the same.    The expression "for services rendered" relates to the services required by the contract, *i. e.,* "for the foregoing services when rendered." On its face the contract was in violation of section 5 of "An act against usury."    *Gen. Stat., p.* 3703.    The fact that the

defendant is a corporation does not bar it from setting up this defence by reason of "An act relating to usury" (*Pamph. L.* 1902, *p.* 459), which is as follows:

"No corporation shall hereafter plead or set up the defence of usury to any action brought against it to recover damages or enforce a remedy on any obligation executed by said corporation; provided, that this act shall not apply to any such action which is now pending."

In view of the uniform legislative policy of the state in the matter of usury, the words "obligation executed" by a corporation refers to corporate obligations in the sense of bonds, mortgages, debentures and the like that go on the market and into the hands of the public. It is not rational to suppose that the legislature intended to go further and weaken its public policy against usury by the construction that would make "obligation" apply to an agreement to pay a usurious commission to an agent. The words "obligation executed" in the context do not lend themselves naturally to such a meaning.

Even if the contract were not usurious, or if the corporation could not avail itself of that defence, the plaintiff is not entitled to his judgment, for the reason that he did not perform the contract on which his right to commissions were based. A material part of that contract was that the mortgage loan should be for three or five years, *i. e.*, that the principal should not be payable for at least three years. The loan, however, that was obtained began to be payable within a month and within the first three years $3,600 was payable. In no aspect of the case, therefore, was the plaintiff entitled to recover under his contract and state of demand.

The judgment of the District Court of the city of Hoboken is reversed.