ALBERT H. KNOETTNER, ALBERT KNOETTNER AND HARRY KNOETTNER, PARTNERS, TRADING UNDER THE FIRM NAME OF A. H. KNOETTNER & SONS, APPELLANTS, v. INTEGRITY CORPORATION OF NEW JERSEY, ET AL., RESPONDENTS.

Submitted February 12, 1932—Decided May 16, 1932.

For the appellants, *W. Louis Bossle.*

For the respondent Marie Elizabeth Fox, *Waddington & Mathews.*

The opinion of the court was delivered by

BODINE, J. This is an appeal from a judgment of the Supreme Court discharging a rule to open a judgment entered on a bond and warrant of attorney. The sufficiency of the affidavit is challenged. The statute provides, so far as pertinent, as follows: "That no judgment shall be entered in any court of record of this state, on a warrant of attorney to confess such judgment * * * unless the plaintiff or his attorney shall produce, at the time of confessing such judgment, to the court * * * before whom the judgment shall be confessed, an affidavit of the plaintiff, his attorney or agent, of the true consideration of the bill, bond, deed, note, or other instrument of writing or demand for which the said judgment shall be confessed; which affidavit shall further set forth that the debt or demand for which the judgment is

confessed is justly and honestly due and owing, to the person or persons to which the judgment is confessed, and that the said judgment is not confessed to answer any fraudulent intent or purpose or to protect the property of the defendant from his other creditors." 1 *Comp. Stat., p.* 221.

The defendants on November 3d, 1927, gave a bond conditioned as follows: "The condition of this obligation is such, that if the above bounden * * *, or any of them, shall and do well and truly pay, or cause to be paid unto the above named * * * the just sum of six hundred eighty-nine dollars, within one day from the date hereof, with interest thereon at six per centum per annum, without any fraud or further delay, then the above obligation to be void, or else to be and remain in full force and virtue."

On November 12th, 1927, judgment was entered on the warrant of attorney attached to the bond. The affidavit now challenged, so far as pertinent, was as follows: "The true consideration of the bond * * * on which judgment is about to be confessed, was and is the sum of six hundred eighty-nine dollars ($689) * * * a balance of indebtedness by Integrity Corporation of New Jersey to the obligees in said bond named for certain plumbing and heating * * * and of which $15 represented the amount required to be paid by the obligees in said bond unto their attorney for his services in reducing said bond to judgment, for which outlay said Integrity Corporation of New Jersey agreed to reimburse said obligees and as to the other obligors in said bond named, to wit: Harold Paul Fox, Edward Earl Fox, William B. Fox and Alice E. Fox, the true consideration of said bond was their point and several agreement to guarantee all of said indebtedness owing by the Integrity Corporation of New Jersey aforesaid unto said obligees, and that the debt for which judgment is confessed is justly and honestly due and owing."

The Supreme Court found that: "The affidavit is susceptible of the interpretation that in the sale of the plumbing materials to Integrity Corporation of New Jersey the firm of A. H. Knoettner & Sons received also the guarantee from

the owners of the properties that the bill would be paid. If that be so, then there was consideration for the bond. There is nothing in the record from which fraud may be inferred; certainly no fraud is proved." We think this is so, but further the statute requires merely that the affidavit set forth the consideration for the bond upon which judgment is to be confessed. The affidavit most clearly states the consideration of the bond, and that the amount is justly due and owing.

The Fidelity Mortgage Finance Company, who seeks to challenge the validity of the judgment because of the alleged insufficiency of the affidavit, held a mortgage made by William B. Fox and Alice E. Fox executed and recorded subsequent to the judgment. "But one who is not a party to the record cannot apply to set aside the judgment for irregularities in entering it." * * * "An application to open or vacate a judgment is addressed to the equitable power of the court, and the judgment will be opened or vacated only where some equitable ground or reason is shown therefor." 34 *Corp. Jur.* 410.

Mr. Justice Depue said in *Warwick* v. *Petty*, 44 *N. J. L.* 542: "Whether a judgment by confession for an existing debt then actually due and owing, will be set aside, on the application of other judgment creditors, for the sole reason that the affidavit did not truly state the consideration, *quære.*"

The point is not necessary of decision in this case. It would seem, however, that since the rights of the Fidelity Mortgage Finance Company were subsequent to those of the judgment creditor and no equitable grounds were urged for vacation of the judgment mere technical defects in the affidavit, if they existed and we do not think they do, would not justify a reversal of the Supreme Court.

The judgment is affirmed, with costs.

*For affirmance*—THE CHIEF JUSTICE, TRENCHARD, PARKER, CAMPBELL, LLOYD, BODINE, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, KERNEY, JJ. 12.

*For reversal*—None.