FORTUNE BUILDING AND LOAN ASSOCIATION v. CARMELA AND RALPH CODOMO.

Argued October 4, 1938—Decided November 7, 1938.

Before Justices TRENCHARD and PARKER.

For the plaintiff, *Joseph T. Lieblich.*

For the defendant, *Sidney Finkel.*

PER CURIAM.

This is a rule to show cause, allowed by Mr. Justice Heher at Circuit, (a) why a rule vacating a judgment entered as by confession, should not be itself vacated and the judgment reinstated; (b, c) why an issue should not be framed and trial had thereon; (d) why the trustees in liquidation of the plaintiff should not be substituted as plaintiffs herein.

We are of the opinion that on the general merits the rule should be discharged. The matter of substituting the trustees therefore needs no consideration.

The application to vacate the judgment was argued some months ago before a single justice, and granted by him. The principal ground on which his decision rested was that the

affidavit of "plaintiff, his attorney or agent" required by statute was the affidavit of the secretary of a building and loan association, and that it failed to state that affiant was the agent of the association for the purpose of making such affidavit, although our cases hold that the secretary of a corporation is not, by virtue of his office, the agent of such corporation for the purpose of making the affidavit. *Stember* v. *Manhattan, &c., Co.,* 115 *N. J. L.* 360, and cases cited. That was a chattel mortgage case, but the principle is the same. · It is argued that that case does not support the ruling, but we think that it does, and is binding on us, and in line with it is the equity case of *Pincus* v. *U. S. Dyeing and Cleaning Works,* 99 *N. J. Eq.* 160.

In connection with this matter of the affidavit, it is further argued that an affidavit was needless, because the proceeding was an instance of *"cognovit actionem"* at the common law. Judging from the opinion of the justice who ordered the judgment set aside, which opinion is part of the state of the case before us, this point was not made before him, but in any event we have considered it and conclude that it is without substance. Turning to the English practice books, we find in *Archbold's Practice, Part IV, ch.* 1, that "a *cognovit* may be given at any time after the process is sued out, and even before it is served, or before the plaintiff has declared; but this is not very usual." So in *Tidd's Practice, ch.* 22 (Judgments by Confession). "In general, however, the confession (by *cognovit*) is made after declaration and before plea." Confession of judgment by warrant of attorney was also common practice in England, and is separately treated. *Tidd, ch.* 21, *p.* 545; *Archbold, art. IV, ch.* 2, *p.* 682 (*7th Eng. Ed.*). In cases of confession by warrant of attorney, no process was necessary; in cases of *cognovit* process was usual, though its necessity a matter of some disagreement as between the different courts (King's Bench, Common Pleas and Exchequer). In New Jersey, however, a distinction was early drawn between confessed judgments entered by warrant of attorney without process, and judgments confessed by *cognovit*. In the latter case, after process served, judgment could be entered on *cognovit*

without affidavit. *Budd* v. *Marlin,* 4 *N. J. L.* 248; *Stewart* v. *Walters,* 38 *Id.* 274; *Hoguet* v. *Wallace,* 28 *Id.* 523, 527. But where suit was entered without process in justice courts, the act of January 29th, 1817, forbade entry of judgment without affidavit of good faith, &c., and in *Parker* v. *Griggs,* 4 *Id.* 161, and *Young* v. *Stout,* 10 *Id.* 302, the Supreme Court said that the defendant himself could invoke the statute. In *English* v. *Sharpe,* 15 *Id.* 457, it was held that his personal representatives could do so as well. The act of 1817 was superseded by other legislation, but the later act cited and quoted in *English* v. *Sharpe, Harr. Comp.* 248, was held to embrace all courts of record.

We think it clear that in this state the distinction between a judgment on *cognovit actionem* and what is colloquially called a "confessed judgment" is that in the former case an action has been begun *in invitum* by the issue of process at the very least, and preferably by the filing of declaration (now called complaint); and in the latter case, *i. e.,* "confession of judgment," and subject to the statute in that regard, judgment is entered on bond and warrant without process; in which case there must be an affidavit in substantial compliance with the statute (*Comp. Stat., p.* 221, § 11; *R. S.* 2 :27-275) or in default of such affidavit the judgment will be vacated and set aside, at the instance even of the defendant, or could even be impeached collaterally. *Skillman* v. *Applegate,* 7 *N. J. L.* 62. However, it is argued that the most that should have been done on the original application to set aside the judgment, was to open it and establish a course of pleading. The rule as entered, provided that the judgment "be and is hereby set aside and vacated, but without costs," the ground stated being that "the proceedings whereby judgment was confessed and entered against the defendant are legally insufficient."

We understand the general rule in cases of this kind to be this: that where the proceeding is regular on its face, but equitable features appear, indicating that injustice would be done by strict enforcement, the judgment will be opened on equitable terms. *F. A. Poth Brewing Co.* v. *Bernd,* 36 *Atl. Rep.* 664 (no official report); *Alderman* v. *Diament,* 7

*N. J. L.* 197. But that in cases where some legal requisite has been omitted, or not substantially complied with, the judgment is vacated and set aside *in toto.* *Harrison* v. *Dobkin,* 11 *N. J. Mis. R.* 892; *Kleeman* v. *Brewing Co.,* 70 *N. J. L.* 202; *Reading* v. *Reading,* 24 *Id.* 358, 361; *Parker* v. *Griggs,* 4 *Id.* 161, discussed in *Clapp* v. *Ely,* 27 *Id.* 555 (at pp. 562, 563); *Knight* v. *Cape May Sand Co.,* 82 *Id.* 16; 83 *Id.* 597; *Evans* v. *Adams,* 15 *Id.* 373; *Latham* v. *Lawrence,* 11 *Id.* 322.

In the case at bar, as already pointed out, there was a substantial defect in the affidavit, in that it was made by the secretary of a corporation, not by virtue of her office the agent of the corporation for the purpose of making such an affidavit. See *North Penn Iron Co.* v. *Boyce,* 71 *N. J. L.* 434, an attachment case in which the statute required an affidavit by "the plaintiff, his agent or attorney." The statute here applicable requires "an affidavit of the plaintiff, his attorney or agent." In the present case the affidavit of the secretary contains no averment that she is the agent of the plaintiff for purposes of the affidavit. Hence, under settled rules, and for purposes of entering the judgment, it amounted to no affidavit at all; and the judgment was simply void and for that reason was vacated and set aside.

It is urged, however, that the original rule to show cause looked no farther than an opening of the judgment and permitting a defense to be interposed on the merits. This is true; but on examining the state of the case we observe that the same suggestion was made on the original hearing, and that an opportunity was afforded for further argument on that point on July 6th last. Argument was accordingly had, and resulted in a decision that the judgment be set aside and vacated. So that while the rule to show cause was primarily as stated, it was in effect amended to cover the alternative of setting aside the judgment *in toto,* which in turn was argued and decided.

One other point should be mentioned, viz., that the vacation of the judgment without retaining the cause deprives plaintiff of its right to institute a suit on the bond by summons, because the statutory time limit for a deficiency suit

(which is this case) has expired. Counsel for the plaintiff complains of this consequence of the decision. But we cannot see that defendants are in any way responsible for that. True, the "judgment" was entered up promptly after the foreclosure sale. Perhaps the defendants had constructive notice of it; but we do not pass on that point. The defendants say that they had no actual notice of it until October, 1937, some fifteen months after it was entered, and then because a supplementary proceeding for discovery was instituted. If such a proceeding had "followed hard upon" the judgment, the legality of that judgment might well have been tested in time to begin a new suit, or enter up a new judgment based upon a proper affidavit. Clearly the fault is not that of the defendants.

We conclude that there was no error in the action of the justice setting aside the judgment; and the present rule to show cause will therefore be discharged, with costs.