AMERICAN AUTO FINANCE CO., INC., PLAINTIFF, v. CHARLES H. MILLER ET AL., DEFENDANTS.

Submitted July 17, 1939—Decided July 26, 1939.

Before Justice DONGES, by consent.

For the defendants, *Sydney T. Smith.*

For the plaintiff, *Nathan Blank.*

DONGES, J.   This is an application to open and vacate a judgment entered by confession, upon bond and warrant of attorney, in favor of the plaintiff against three defendants. The applicants are Harry H. Miller and Sophie Miller, his wife; the third defendant, Charles H. Miller, does not join.

The transaction arose out of the purchase by Charles H. Miller of a used automobile, the plaintiff being engaged in the financing of such purchases.   The bond and warrant were executed on September 6th, 1933, in the penal sum of $975, conditioned upon the payment to plaintiff of the sum of $487.50 in one day from the date thereof.   On the same day there was executed a lease agreement for the automobile, retaining title in the plaintiff herein as security for the payment of the debt.   This agreement provided for a payment

of $10 upon execution, $12 on September 13th, 1933, $9 per week for forty-nine weeks commencing September 20th, 1933, and $132.50 on the fifty-first week. The $10 was admittedly paid and the next payment due under the lease was on September 13th, 1933. On September 9th, 1933, Nathan Blank took affidavit that the entire debt of $487.50 was "justly and honestly due and owing" and judgment was confessed on that day and actually entered in the clerk's office on September 15th, 1933.

The attack here is upon the affidavit, the contention being that when the affidavit was made the debt was not in fact due and owing. I think there can be no doubt that the debt was owing, but the question is whether or not it was due.

Plaintiff relies upon *Gaskill & Sons* v. *Buckman,* 95 *N. J. L.* 14; *affirmed,* 53 *Id.* 665, a case where notes had been given for the purchase price of lumber and a bond and warrant were also executed. When judgment was entered some of the notes were not due, and it was held "Debts now due and owing, in the sense that they are unpaid indebtedness, is what is meant, not that a fixed day of payment has been reached and passed." However, it must be considered that the attack upon the judgment in that case was not by the debtor but by other creditors, and the court said: "The contention that these notes cannot be made the basis of this judgment because the debtor, if sued for the debt represented by them, could have pleaded an extension of the time of payment to the date of their maturity, is inapplicable to a proceeding which derives its sole validity from the voluntary act of the debtor. The right to interpose such a defense being, like the right to plead the statute of limitations, personal, the failure to interpose it is presumptive proof of waiver." In the instant case the question is raised by the debtors.

It seems to me that this case comes squarely within the rule of *Modern Security Co.* v. *Fleming,* 6 *N. J. Mis. R.* 730, where a contract was entered into under date of May 26th, 1927, for the installation of a heating system and a bond and warrant executed on the same date. The contract provided for monthly payments, to commence August 15th if the work were completed by then. On June 25th, judgment by con-

fession was entered and the court set it aside, saying "the affidavit filed herein on June 25th stated that 'the sum of $2,489 is justly due plaintiff.' It appearing that this was not the fact, the judgment was entered without any substantial basis to support it, under the statute."

The bond and warrant and the lease agreement must be considered together. They were parts of the same transaction. It clearly appears that under the terms of the contract between the parties there was nothing due the plaintiff on September 9th, 1933, when the affidavit was made and the judgment confessed, because the only payment required up to that time had been made.

The affidavit therefore was insufficient, and the judgment must be vacated.