MARGARET K. PICK, PLAINTIFF, v. BRAND, INC., A NEW
JERSEY CORPORATION, DEFENDANT.

Decided May 27, 1947.

For the plaintiff, *Carpenter, Gilmour & Dwyer.*

For the defendant, *Samuel Freedman.*

EASTWOOD, J. This is an application to strike the answer filed in the above cause and for summary judgment. Plaintiff brought suit to recover the sum of $5,500 representing an alleged loan to the defendant corporation made on or about December 1st, 1946. Apparently, the loan was to have been repaid by January 1st, 1947. On or about January 1st, 1947, the defendant issued and delivered to the plaintiff two checks, one in the sum of $4,000 drawn to the order of the plaintiff, and the other in the sum of $1,500 drawn to the

order of cash. Plaintiff thereafter deposited the $4,000 check for collection, and said check was subsequently returned to the plaintiff, stamped "Payment Stopped" and with a notice of protest attached thereto. It is alleged in the complaint, that suit is brought on the two foregoing checks in the total amount of $5,500. The defense pleaded is usury.

A careful reading of the complaint and the affidavit filed by the plaintiff, on her application to strike the answer, clearly discloses that actually the sum of $4,000 was loaned by her to the defendant on December 1st, 1946, and that the understanding between the parties was that the defendant would pay to the plaintiff in consideration of the loan the sum of $5,500 by January 1st, 1947. The transaction is palpably usurious. *R. S.* 31:1–1; *N. J. S. A.* 31:1–1.

It is urged, however, by the plaintiff, that the defendant corporation cannot plead the defense of usury, and cites in support of her contention, *R. S.* 31:1–6; *N. J. S. A.* 31:1–6, which reads as follows:

"No corporation shall plead or set up the defense of usury to any action or suit brought against it to recover damages or enforce a remedy on any obligation executed by said corporation."

The insistment is that the checks in question are "obligations" of the defendant corporation within the purview of the statute, and that, therefore, the defendant corporation is barred from pleading the defense of usury. This contention is not sound. It is clear from the affidavit of the plaintiff, filed in support of the present motion, and in the brief of her counsel, that the nature of the suit is to recover for the loan made on December 1st, 1946, rather than upon the checks issued by the defendant on or about January 1st, 1947. Although it is insisted that the suit is brought upon the checks, it seems entirely clear that actually the recovery sought is upon the loan itself. This being so, *R. S.* 31:1–6; *N. J. S. A.* 31:1–6, is inapplicable. The statutory bar against the plea of usury on the part of a corporation was intended to cover such obligations of corporations as bonds, mortgages and the like. It was not intended to preclude the defense of usury on the part of a corporation in such a transaction as

confronts us here. *Mazarin* v. *Hudson County Real Estate and Building Co.*, 80 *N. J. L.* 35; 76 *Atl. Rep.* 322. The defense of usury was, therefore, properly pleaded by the defendant corporation. However, it has been admitted by the defendant that it received the loan of $4,000 on December 1st, 1946, and that the same has not been paid. The plaintiff is entitled to summary judgment for full amount of the loan, namely the sum of $4,000. Inasmuch as the loan was usurious, plaintiff has forfeited all interest thereon and costs of suit. *R. S.* 31:1–3; *N. J. S. A.* 31:1–3.

Judgment will be entered accordingly. Counsel may submit an appropriate order.