14 N.J. Super. 1 (1951)
81 A.2d 187
HICKORY GRILL, INC., PLAINTIFF-RESPONDENT,
v.
ADMIRAL TRADING CORP., DEFENDANT-APPELLANT. ADMIRAL TRADING CORP., PLAINTIFF-APPELLANT,
v.
HICKORY GRILL, INC., DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued May 7, 1951.
Decided May 16, 1951.
*4 Before Judges McGEEHAN, JAYNE and WM. J. BRENNAN, JR.
Mr. Max L. Rosenstein argued the cause for appellant.
Mr. William Harris argued the cause for respondent; and Mr. Alexander Krauss argued the cause for Merritt Lane, Jr., receiver in bankruptcy of respondent.
The opinion of the court was delivered by WILLIAM J. BRENNAN, JR., J.A.D.
Admiral Trading Corp. entered judgment in the Law Division on September 23, 1950, by bond and warrant for confession of judgment, against Hickory Grill, Inc., in the amount of $45,660.43 plus interest from July 18, 1950. Hickory Grill, Inc., brought proceedings to vacate the judgment. The proceedings were initiated by complaint filed in the Chancery Division, but after transfer of that cause to the Law Division, Hickory Grill, Inc., made a motion in the original cause, under Rule 3:60-2, for relief from the judgment. The Law Division entered an order in the original cause on November 21, 1950, that the judgment and a levy made thereunder stand, but that further proceedings to complete execution thereon be stayed, "All pending a determination, after trial of the issue, of the amount, if any, that is owing from Hickory Grill, Inc., to Admiral Trading Corporation and whether there is sufficient cause to open the judgment obtained in this cause and upon such determination the judgment and execution *5 shall be amended or opened to conform therewith." Admiral Trading Corp. appeals from that order.
A few days before the oral argument was originally scheduled in this court, Hickory Grill, Inc., filed a voluntary petition in bankruptcy. A receiver in bankruptcy has been appointed. We have entered a consent order adding the receiver as a party, and permitted the receiver's attorney to argue the appeal in association with the attorney of record for Hickory Grill, Inc.
The bond was given May 31, 1949, to evidence an obligation of $59,750 of Hickory Grill, Inc., to Admiral Trading Corp. payable: "$500.00 on June 6th, 1949, and $500.00 each week thereafter for a period of 93 weeks; $150.00 on June 7th, 1949, and $150.00 each week thereafter for a period of 52 weeks; and $150.00 on June 8th, 1949, and $150.00 each week thereafter for a period of 31 weeks (said installments being evidenced by promissory notes dated May 16th, 1949) * * *."
The attack in the Law Division upon the judgment centered upon the affidavit for judgment sworn to by the secretary of Admiral Trading Corp. and filed in purported compliance with R.S. 2:27-275. That affidavit stated that Hickory Grill, Inc., had defaulted in the terms and conditions of the bond and owed, as of the date of the affidavit, a total of $45,660.43, with interest; "and that the debt or demand is justly and honestly due and owing to Admiral Trading Corp., in whose favor the judgment is confessed."
Judgments such as this by bond and warrant of attorney, without institution of suit, derive all their efficacy from statutory law and strict compliance with statutory requirements is necessary. Modern Security Co. of Philadelphia v. Fleming, 6 N.J. Misc. 730 (Sup. Ct. 1928). If the affidavit upon which a confessed judgment is entered fails in any respect substantially to comply with the requirements of R.S. 2:27-275, the judgment, being entered against the prohibition of the statute, "is, prima facie, wholly fraudulent, and the burden of rebutting and overcoming the inference *6 of fraud lies upon the party who seeks to uphold the transaction." Warwick v. Petty, 44 N.J.L. 542 (Sup. Ct. 1882). Relief from the judgment may be allowed not alone on the application of creditors of the defendant but "at the instance even of the defendant." Fortune B. & L. Assn. v. Codomo, 122 N.J.L. 565 (Sup. Ct. 1938). Our courts of law have always exercised an equitable jurisdiction over judgments entered by warrants of attorney, Barrow v. Bispham, 11 N.J.L. 110 (Sup. Ct. 1828). "* * * These judgments entered upon bonds and warrants of attorney should, upon proper application, be very readily and widely opened, for the method in which they are entered is the loosest way of binding a man's property that ever was devised in any civilized country," Chief Justice Kirkpatrick in Diament v. Alderman, 7 N.J.L. 197 (Sup. Ct. 1824).
The matter was argued in the Law Division on affidavits and counter-affidavits. The gist of the affidavits on the part of Hickory Grill, Inc., was that at the time of the making of the affidavit for judgment there was not owing to Admiral Trading Corp. an amount of $45,660.43, because payments on account of the $59,750 obligation under the bond had been made in the amount of $37,543.43, and the sum of $2,000 was not owing Admiral Trading Corp. but was owing to another to whom Admiral had assigned some of the notes; thus, that the maximum owing in any circumstances was not in excess of the sum of $20,206.57, that is, $59,750 less $39,543.43. In addition, however, it was contended that there was in fact owing no sum whatever, that, while the face of the bond was $59,750, the true debt owing by Hickory Grill, Inc., at the time the bond was executed was not that sum, but $22,500, so that the payments of $37,543.43 represented an overpayment of $15,043.43, which Admiral Trading should repay. It was charged that actual fraud was perpetrated by Admiral Trading Corp. and one Zuckerman, formerly vice-president and general manager of Hickory Grill, Inc., consisting in fraudulently representing to the officers and directors of Hickory Grill, Inc., that a certain chattel mortgage *7 given by Hickory Grill, Inc., to Admiral Trading Corp., which said officers and directors were induced to supplant by the bond and warrant, secured an indebtedness of Hickory Grill, Inc., whereas in fact the indebtedness so secured was in large part that of Zuckerman individually and of Sussex County Distillery Company.
The affidavit on the part of Admiral Trading Corp. categorically denied the charge of actual fraud and that any part of the indebtedness was not that of Hickory Grill, Inc., but did concede that if the payments which it admitted were made by Hickory Grill, Inc., were credited on the obligations mentioned in the bond and warrant, only $36,549.30 of the debt evidenced thereby was in fact owing when the affidavit of judgment was made. However, the claim was made that the balance of the $45,660.43 for which the judgment was entered represented other obligations claimed to be owing from Hickory Grill, Inc., in addition to those mentioned in the bond and warrant. It is plain that the bond and warrant cannot be authority to confess judgment for any obligations not within the obligation of the bond and warrant. Warwick v. Petty, supra. It follows that on this record there was sufficient basis for giving some relief from the judgment. See American Finance Co., Inc. v. Miller, 123 N.J.L. 1 (Sup. Ct. 1939).
Admiral Trading Corp. contended at the oral argument, however, that the relief granted, that is, the stay of execution upon the full amount of the judgment, was too broad, and that it is at least entitled to pursue its levy to sale as to the amount of $20,206.57. This point was not made before the trial judge; but in any event we have considered it and conclude that it is without substance. It is based upon the argument that Hickory Grill, Inc., admitted owing at least that sum. We find that the contrary is the case. Hickory Grill, Inc., charged actual fraud, as mentioned, and denied owing any amount. If there was actual fraud, the whole of the judgment should be avoided and set aside; if the court acquits the transaction of actual  intentional  *8 fraud, the court, although the judgment was laid upon the property of Hickory Grill, Inc., for more than was due, will do justice between the parties by setting the judgment aside only so far as it exceeds the amount Admiral Trading Corp. was actually entitled to at the time the judgment was confessed. Clapp v. Ely, 27 N.J.L. 555 (E. & A. 1858); Warwick v. Petty, supra. In these circumstances, the kind and extent of relief to which Hickory Grill, Inc., is entitled can best be determined after the hearing directed by the trial court's order. For the same reasons there was no error in not requiring that Hickory Grill, Inc., give security as a condition of the granting of the stay. Rule 3:65-4.
Hickory Grill, Inc., filed an amended complaint after the transfer to the Law Division of the action initiated in the Chancery Division and after the making by it in the original cause of its motion for relief under Rule 3:60-2. The amended complaint sought among other things a judgment "compelling defendant to repay to plaintiff the sum of Fifteen thousand and forty-three Dollars and forty-three cents * * *." Summons issued and service was purportedly made as upon a non-resident defendant, Admiral Trading Corp. being a foreign corporation allegedly not licensed to conduct nor conducting business in this state. A motion made to quash the purported service was denied by order entered in the Law Division on November 20, 1950. Admiral Trading Corp. also appeals from that order. However, at the oral argument a stipulation was made on behalf of Hickory Grill and its receiver that the counterclaim would not be pressed upon the purported service. We take it this means there is no objection to the reversal of the order.
The order entered November 21, 1950, on appeal in A 159-50 is affirmed.
The order entered November 20, 1950, on appeal in A 143-50 is reversed.