127 N.J. Super. 600 (1974)
318 A.2d 448
ARMIN CORPORATION, T/A LEVEX POLYMERS, PLAINTIFF,
v.
LAWRENCE W. KULLMAN, DEFENDANT.
Superior Court of New Jersey, Law Division.
Decided April 5, 1974.
*601 Mr. Leonard J. Felzenberg for plaintiff (Messrs. Kronisch & Felzenberg, attorneys).
Mr. Martin G. Margolis for defendant (Messrs. Margolis & Bergstein, attorneys).
DWYER, J.S.C.
Plaintiff Armin Corporation (Armin), trading as Levex Polymers, is suing the guarantor of a corporate *602 book account based upon goods sold and delivered. Lawrence Kullman is the guarantor and Productivity Systems, Inc. (Systems) is the corporation whose debt Kullman was guaranteeing. The book account was set up on the basis that no interest was charged the corporate debtor (i.e., Systems) when payments on the account were overdue. Kullman signed the guaranty on March 26, 1973 in consideration of the extension of credit by Armin to Systems. On May 7, 1973 $1,100 was charged to the account; on May 16, 1973 $1,339.60, on June 6, 1973 $1,360 and on June 21, 1973 $340. Thus, as of June 21, 1973 Systems owed from Armin a total of $4,139.60 on the principal debt.
The guaranty signed by Kullman was general, guaranteeing payment of all extensions of credit as and when Systems defaulted. In the event that Kullman did not pay "promptly," the agreement provided for a 20% allowance for the attorney's fees of any collection attorney involved, and for interest at the rate of 1 1/2% a month of the unpaid balance from the date of the default.
Armin sued Kullman on the guaranty on August 3, 1973; Kullman filed an answer contesting the sums due on October 12, 1973. The answer was struck for failure to answer Interrogatories on January 8, 1974. Default was entered by the Clerk on February 26, 1974. On March 22, 1974 Armin moved for entry of final judgment by default. The court has reserved decision on this motion in order to resolve an issue of law. Metric Investment Co., Inc. v. Patterson, 98 N.J. Super. 130 (Law Div. 1967), aff'd 101 N.J. Super. 301 (App. Div. 1968).
The issue confronting the court is whether or not the interest charged on the guaranty was usurious, in violation of N.J.S.A. 31:1-1 as amended effective December 20, 1973, which sets a statutory maximum on interest received of 9.5%, and in violation of the 8% ceiling set by the predecessor statute. The issue is of novel impression in New Jersey.
22 Am Jur., "Guarantor's liability for interest," § 76, reads as follows:
*603 A guarantor may be charged with interest on the principal sum either because: (1) interest was a part of the primary obligation and the guaranty contract, properly interpreted, guaranteed both the principal sum plus interest; or (2) the guarantor did not pay the creditor the amount guaranteed as that amount became legally due under the guaranty contract and interest is properly chargeable, under applicable rules of law, on that amount. In the first case, interest is payable because it was guaranteed as a part of the underlying obligation; in the second case, interest is payable because the guarantor has not paid a debt which has matured as against the guarantor.
Thus, the nature of the guaranty and the transactional source of the interest that is being sought will determine the applicability of the usury laws to the interest charges. It is clear that N.J.S.A. 31:1-6 precludes a corporate debtor from asserting the defense of usury to any action brought against it on an obligation executed by the corporation. Feller v. Architects Display Bldgs., Inc., 54 N.J. Super. 205 (App. Div. 1959). It is also well established in the decisions in New Jersey that an individual guarantor of a corporate obligation falls within the ambit of N.J.S.A. 31:1-6, i.e., cannot assert the defense of usury, at least as to interest on the principal debt, which interest itself the individual has undertaken to guarantee. Fine v. H. Klein, Inc., 10 N.J. Super. 295 (Cty. Ct. 1951); Liebers v. Plainfield Spanish Homes Bldg. Co., 108 N.J. Eq. 391 (Ch. 1931), and Commercial Funding Corp. v. Melroy Const. Co., 106 N.J. Eq. 11 (Ch. 1930). Those decisions are, of course, distinguishable from cases wherein the loan is not a true corporate borrowing and therefore the individuals are allowed to assert the defense of usury. Gelber v. Kugel's Tavern, Inc., 10 N.J. 191 (1952), and In re Greenberg, 21 N.J. 213 (1956).
In this case the transaction was a true corporate borrowing for goods sold and delivered; there is no basis in the evidence for a finding that the corporate debtor was set up as a mere corporate shell for a loan to Kullman. Thus Kullman would clearly be proscribed from asserting the defense of usury to interest charged on the corporate debt, were there any interest being charged on that corporate debt. *604 Here, however, the interest being charged is assessed against the guaranteed sum, i.e., the debt, after it has matured into an obligation of the guarantor. That is, the transactional source of the obligation to pay interest is the guarantee itself, and not the debt guaranteed.[1] The obligation to pay interest is the individual undertaking of the guarantor for the forebearance of his debt, it having matured into the obligation of the guarantor upon the default of the corporation. The guarantee here would obligate Kullman to pay interest from the date of default (July 1, 1973) to present at a rate of 1 1/2%. At an annual rate this would be 18% simple annual interest.
The court holds that the obligation to pay interest, insofar as the obligation arises from the debt of the guarantor after it has come into existence upon the default of the corporate debt, is the kind of obligation to which N.J.S.A. 31:1-1 applies, and to which the corporate exception of N.J.S.A. 31:1-6 does not apply. The court so holds because of the nature of the obligation itself, and because it is the policy of this State, as set forth in earlier decisions, to restrict the application of N.J.S.A. 31:1-6 so that "sympathetic *605 sweep might be given to the State's policy against usury." In re Greenberg, supra at 220, and cases cited therein.
The court finds that the 18% simple annual interest rate charged against Kullman under the provisions of the guaranty was and is usurious, since the legal interest rate at the relevant times here never exceeded 9.5%.[2] Under N.J.S.A. 31:1-3, therefore, Armin must forfeit all interest on the sum sought and its recovery is limited to "the amount or value actually lent, without interest or costs of the action." See Pick v. Brand, Inc., 135 N.J.L. 526 (Sup. Ct. 1947), and Bennett v. Hadsell, 23 N.J. Eq. 174 (Ch. 1872).[3]
As to the provision for 20% attorney's fees, that is proper here and does not infect the guaranty with usury, since it is merely a charge for reasonable expense of collection. Alcoa Edgewater No. 1 Federal Credit Union v. Carroll, 44 N.J. 442 (1965). Since defendant herein is in default, no evidence has been introduced demonstrating that 20% here would be unreasonable. As plaintiff has drafted and served the complaint, served interrogatories, moved to strike the answer, obtained entry of default and moved for final judgment for default, this percentage does not seem unreasonable, even were the collection process to end here.
Judgment is ordered in favor of Armin and against Kullman for the principal debt of $4,139.60 and attorney's fees of $827.92, making a total judgment of $4,967.52.
NOTES
[1] Plaintiff has suggested that Ferdon v. Zarriello Bros., 87 N.J. Super. 124, 143 (Law Div. 1965), resolves the question of the applicability of the usury laws to individual guarantors of corporate obligations. While that opinion is not binding on this court, it would appear that the case is inapposite here, since Judge Botter's comments there were directed to usury in the underlying obligation, whereas here we are concerned with usury in the guaranty itself. Moreover, insofar as the court there suggests that usury laws are not applicable to individual guarantors of corporate debts since they are not likely to be overcome by financial need, that notion is arguably appropriate where, as there, the guaranty was subsequent to the extension of credit; here, however, the guaranty preceded the extension of credit, and the guaranty was signed only by the president of the account debtor. The latter circumstances do not warrant excluding Kullman from the usury laws, as financial need can indeed be behind a guaranty of a corporate debt; this is especially true in light of the fact that the usury laws contain no exception as to interest charged under the guaranty itself, and that it is the declared policy of the state to give sympathetic sweep to such laws. In re Greenberg, supra at 220.
[2] See N.J.S.A. 31:1-1 which has imposed a 9.5% ceiling upon such interest since December 20, 1973, and its predecessor L. 1953, c. 150, § 1, amended by L. 1968, c. 55, § 1, and L. 1972, c. 99, § 1, which imposed an 8% ceiling from June 6, 1968 to December 20, 1973.
[3] For an illuminating discussion of the phrase "without interest," as included in N.J.S.A. 31:1-3, see a note at 6 Rutgers L. Rev. 568 entitled, "The Penalty for Usury in New Jersey  Forfeiture of All Interest?" As is there observed, the lender has been allowed to retain the legal interest where usurious interest or premium has already been paid at the time of suit. However, where, as here, no payments of a usurious nature have been made by the buyer, the precedent in New Jersey is that lender may recover only the principal amount, and no interest at all.