Kirkpatrick, O. J.
The practice of this court has been, in cases of this kind, to open the judgment and let the party go to trial upon the merits, and to plead any plea he thought proper, except a mere dilatory plea. I think, therefore, the defendants would be at liberty to plead non est factum, and, indeed, I think that these judgments entered upon bonds and warrants of attorney should, upon proper application, be very readily and widely opened, for the method in which they are entered is the loosest way of binding a man’s property that ever was devised in any civilized country.
Ford, J., thought that after the defendants had given a warrant of attorney to confess the bond that they could not plead non est factum.
*Rossell, J.
thought that by the present applies.-' tion and affidavit the defendant acknowledged the existence of the bond, and therefore ought not to be permitted to plead non est factum.
The court granted the following rule : “ It is ordered that the judgment in this case be opened, and the defendants allowed to plead and make defence on the merits; nevertheless the defendants are not at liberty to plead non est factum, and the j udgment and execution to stand as a security for the plaintiff.”*

Note — If fraud is suggested, or usury alleged in regard to a judgment entered upon a bond and warrant of attorney, the usual and proper way is, to let the judgment stand, and to award a feigned issue to try the fact. Machir v. Delaval, *241 Barn. notes. 277; Wardell v. Eden, 2 John. Ca. 258. As to other judgments, not entered on bonds and warrants of attorney, the court also, in some cases, upon an affidavit of merits, will set -them aside, though regular, if the plaintiff does not thereby lose a trial. 1 Coxe 201, Den ex dem. Lee v. Evans; Den. v. Ferin, 1 Halst. Rep. 431; 2 Ibid. 161; 2 Salk. 518; 1 Ibid. 402. And in the case of Abrams and Rolf v. Wood (1 South. 39,) the judgment was opened although the plaintiff had lost a trial. As it is wholly discretionary with the court to set aside a regular judgment or not, they will not do it in order to give the defendant an advantage of any nicety of pleading, (2 Str. 1242,) or to let him plead the statute of limitations, (1 W. Bl. 35,) or a special plea of questionable matter designed to draw the plaintiff to demur (2 Salk. 518,) or an irregular judgment after the defendant has given a cognovit (7 Term. Rep. 206,) but that defendant may plead his bankruptcy. See 1 Bos. df Ful. 52. When the court set aside a regular judgment, it is usually upon the terms of the defendant’s paying costs (1 Salic. 402,) pleading issuably instanter (1 Bur. 586,) taking short notice of trial (Barnes 242,) and in some cases they will order the defendant to bring the money into court. Barnes 243; 2 Arch. Frac. 11; Tidd’s Brae. 508. And the court will set aside a judgment in ejectment as well as in other actions. 1 Coxe 201; 1 Falst. 431; 2 Ibid. 161; 2 Str. 975; 4 Bur. 1996.