CHARLES E. YOUNG et al. *v.* LOUIS FRIER and ABRA-
HAM DUTTENHOEFFER, partners, &c., et al.

1. "If a creditor seeks the aid of this court against the real estate of his
debtor, he must show a judgment at law creating a lien on such estate;
and if he seeks aid in regard to the personal estate, he must show an *exe-
cution* giving him a legal preference or lien on the goods and chattels,
which he has pursued to every available extent at law, before he can re-
sort to equity for relief."

2. The exception to this rule recognized in *Blackwell et al.* v. *Rankin &
Lee,* 3 *Hal. C. R.* 153, that this court will entertain a bill, by a creditor at
large of a firm, to restrain an execution creditor of an individual member
of the firm from enforcing his legal remedy against the partnership pro-
perty, is not sustained by the authorities. There can be no such exception
to the rule. When the propriety of such an exception can be shown, it
will reveal the injustice of the rule itself.

This was an application for an injunction, on bill, answer
and affidavits.

*Mr. F. T. Frelinghuysen* and *Mr. Bradley* moved for an
injunction upon the bill filed and accompanying affidavits,
and cited *Story on Partnership*, § 264 ; *Blackwell* v. *Rankin
& Lee,* 2 *Hal. Ch. R.* 160 ; *Moody* v. *A. & H. Payne,* 2 *J.
C. R.* 548 ; *Whitmore* v. *Roxborough,* 2 *Young and Collyer,*
13–21, *E. C. R.; Story's Eq. P.,* § 99.

*Mr. Zabriskie* read the answers of the defendants, and op-
posed the motion, and cited *Mellville* v. *Brown,* 1 *Harr.* 364 ;
*Edgar* v. *Clevenger,* 1 *G. C. R.* 258 ; *Story on P.,* § 264 ;
*Ketchum* v. *Durkee,* Hoff. *C. R.* 538 ; *Story's Eq.,* §§ 677–679,
1253.

THE CHANCELLOR. The complainants who have exhibited
this bill are creditors at large of the firm of Frier & Co.
The defendants are the individual members of the firm.
Isaac Duttenhoeffer, who is charged with having an interest
in the partnership—and several judgment and execution
creditors, who have levied upon all the personal property

belonging to the firm. The bill charges the judgments to be fraudulent. It prays that the sheriff may be enjoined from selling under the executions; that the several judgments may be decreed void; that the partners may deliver up all the assets of the firm, in order that the same may be applied, under the direction of this court, to the payment of the several debts due the complainants, and the claims of such other *bona fide* creditors of the firm as may apply to the court to be made parties to this bill, and contribute to the expenses of this suit; that an account may be taken and a receiver be appointed.

The defendants have, by their several answers, made the discovery which the bill calls for. But they insist that the complainants have no right, by a bill in this court, to question the judgments nor the disposition of the partnership property, because, as creditors at large, they have no standing in this court. The objection is well taken. The principle has always been recognized by the courts, both of law and equity, in this state.

In *Mellville* v. *Brown*, 1 *Harr. Rep.* 364; and in *Edgar* v. *Clevenger*, 1 *G. C. R.* 258, this doctrine was recognized and acted upon as laid down by Chancellor Kent in 4 *J. C. R.* 671. "If the creditor seeks the aid of this court against the real estate of his debtor, he must show a judgment at law creating a lien on such estate; and if he seeks aid in regard to the personal estate, he must show an *execution* giving him a legal preference or lien on the goods and chattels, which he has pursued to every available extent at law, before he can resort to equity for relief."

The counsel for the defendants admitted the rule as a general one, but insisted that they had brought themselves within an exception recognized in *Blackwell et al.* v. *Rankin & Lee*, in 3 *Hal. C. R.* 153. Andrew Rankin, of the firm of Rankin &. Lee, had confessed a judgment to Elias Plum for his individual debt; and the other partner, George H. Lee, had confessed a judgment for his individual debt to Caroline Heyden. The case, as reported, states: "In this state of things, I. M. B., E. A. W. and W. C., part-

ners in trade, creditors of the firm of Rankin & Lee, who had commenced suit, but had not obtained judgment for their demand, exhibited their bill against Andrew Rankin and others, charging combination and confederacy to defraud the complainants and others, the *bona fide* creditors of the said firm of Rankin & Lee, and to take into their hands the whole of the property of the said firm; and that the said judgments were confessed fraudulently, and praying that they may be decreed to be void, &c.; and praying an injunction restraining the sale." The injunction was allowed; and on a motion made, without answer, to dissolve the injunction, it was refused. In that case, the Chancellor did decide that the creditors at large of a partnership, might file their bill in this court, and restrain an execution creditor of one of the members of the firm, from applying the partnership assets to the payment of his separate debt. He rests his decision upon what is said by Mr. Justice Story, in commenting upon the case of *Moody* v. *A. and H. Payne*, 2 *John. Ch. Rep.* 588, *in* 1 *Story's Eq.* 678; 2 *Story's Eq.*, § 1253, and upon the case of *Ketchum* v. *Durkee et al.*, 1 *Barb. C. R.* 480; upon 1 *Mad. Ch.* 136, and *Waters* v. *Taylor*, 2 *Ves. and B.* 299.

I have examined, with great care, these references and some thirty others bearing upon the point in question. According to the best judgment I have been able to form in examining these authorities, not one of them sustains the exception to the rule contended for. It is with great diffidence I dissent from a decision of my predecessor, who decided that case, and I should not feel at liberty to do so but for the fact of the great number and uniformity of the decisions in opposition to the conclusion he reached.

Let us examine the authorities relied on by the Chancellor in Blackwell et al. *v.* Rankin & Lee, and see whether they have not been misapprehended. They do not sustain the doctrine contended for, that this court will entertain a bill by a creditor at large of a firm, to restrain an execution creditor of an individual member of the firm from enforcing his legal remedy against the partnership property

In *Moody* v. *A. and H. Payne*, 2 *John. Chan. Rep.* 548, one of the partners confessed a judgment for his separate debt, and by execution had seized upon the partnership property. The bill was filed, *not by a creditor at large*, but by one of the *partners* for a partnership account. The question—whether a general creditor could maintain the bill— was in no way involved. There was no difficulty as[1] to the complainant's standing in the court. As a late partner he had an interest in the property as part owner ; he had a *lien* on the goods, such as a general creditor has not. The Chancellor refused to enjoin the creditors upon other principles disclosed in his opinion. Justice Story, in 1 *Story's Eq.*, § 678, (it is said by the Chancellor, in 3 *H. C. Rep.* 153,) refers to this decision, and dissents from it. But from what does he dissent? Chancellor Kent had decided that one of the partners could not restrain' an execution creditor of an individual member of the firm from selling the partnership property to pay his individual debt. From that Justice Story dissented. But while Justice Story says one of the partners may maintain such a bill, he no where intimates that a general creditor can do it.

It is true, as is stated in 2 *Story's Eq.*, § 1253, that a long series of authorities has established this equity of the joint creditors to be worked out through the medium of the partners ; that is to say, the partners have a right, *inter se*, to have the partnership property first applied to the discharge of the partnership debts, and no partner has a right except to his own share of the residue, and' the joint creditors are, in case of insolvency, substituted in equity to the rights of the partners, as being the ultimate *cestui que trust* of the fund to the extent of the joint debts. That the creditors, indeed, have no lien, but they have something approaching to a lien ; that is, they have a right to sue at law, and by judgment and execution to obtain possession of the property ; and in equity they have a right to follow it as a trust into the possession of all persons who have not a superior title. But where, in this comment of the learned author, do we find his authority for saying that a creditor at large may follow

the joint property, or has the right to appeal to the aid of a Court of Chancery to have his equities adjusted. Of the numerous authorities referred to by Justice Story, to sustain the propositions he lays down, not one of them was a case where a creditor at large had asserted his rights. It appears to me very plain that the author never meant to advance the proposition he is quoted as maintaining.

In *Waters* v. *Taylor*, 2 *Ves. & Beam.* 299, the bill was filed by one partner against his co-partner for a dissolution of the partnership, on account, &c. The Lord Chancellor gives no countenance to the principle contended for. In *Mad. C.* 136, the author says: "If an execution be issued on account of the separate debt of one partner against the partnership effects, *a bill may be filed by the solvent partner*, and for an injunction in the meantime."

In *Ketchum et al.* v. *Durkee et al.*, 1 *Barb. Ch. R.* 480, the Chancellor says: "Upon the dissolution of a co-partnership by the death or bankruptcy of one or both of the co-partners, the creditors of the firm obtain a *quasi* lien upon its property and effects, which the Court of Chancery may work out for them, in administering the equities between the co-partners or their representatives." But did the court attempt to work out for the creditors in that case their *quasi* lien, upon a bill filed by a creditor at large? The bill was filed by one of the partners, and thus the court obtained its jurisdiction.

But how can such an exception as is contended for here, be maintained with any propriety?

The rule is admitted to be well settled that a creditor at large cannot, by bill in this court, question the disposition of his debtor's property, or interfere with a judgment creditor, even if the debtor and creditor are practicing the grossest fraud in disposing of the debtor's property. In *Wiggins & Boerum* v. *Armstrong et al.*, 2 *John. Ch. Rep.* 144, it is said: "The reason of the rule seems to be that, until the creditor has established his title, he has no right to interfere, and it would lead to an unnecessary, and perhaps an oppressive interruption of the exercise of the

debtor's rights. Unless he has a certain claim upon the property of the debtor, he has no concern with his frauds."

If a creditor at large is not permitted to ask the aid of this court to restrain a judgment creditor of his debtor from disposing of his property when he charges the grossest fraud, and combination to cheat him, what propriety is there in giving a creditor at large a standing here, on the ground that the execution creditor is seizing upon partnership property to pay an individual debt. Is it not much more reasonable to lend him the aid of this court in the former case, than in the latter? There certainly is no propriety in saying the arm of the court is too short to aid you in detecting fraud, but can aid you, if you can show that the conduct of the persons whose doings you impeach, may work injustice.

There can be no such exception to the rule. When the propriety of such an exception can be shown, it will reveal the injustice of the rule itself. A great deal was said on the argument, about the *quasi lien* of the creditors of a partnership on its property, as against creditors of individual members of the partnership, and in the case of Blackwell, the Chancellor says it is this *quasi* lien which gives this court jurisdiction for the purpose of protecting the creditors of the partnership. But is any lien which such creditors as have, against creditors of individual members of the partnership, any more sacred, or better entitled to the protection of the court, than the lien or claim, or whatever you may please to call it, which any creditor has on the property of his debtor, as against a wrong-doer?

This bill cannot be maintained. The complainants are only creditors at large of the firm. They have no lien on the property in question. The injunction must be refused, and the bill dismissed, with costs.

CITED in *Robert* v. *Hodges & Fuller*, 1 *C. E. Gr*. 303; *Mittnight* v. *Smith*, 2 *C. E. Gr*. 262; *Holdreye* v. *Gwynne*, 3 *C. E. Gr*. 31; *Tantum* v. *Green*, 6 *C. E.* *Gr*. 365; *Stewart* v. *Walters*, 9 *Vr*. 277; *Davis* v *Dean*, 11 *C. E. Gr*. 436.