This is a suit by a judgment creditor to set aside allegedly fraudulent transfers of bonds and mortgages and corporation stock. The bill does not show that execution issued on complainant's judgment.
Defendants move to dismiss the bill on the ground that, because of the lack of such an allegation, the bill does not show a cause of action within the jurisdiction of the court. Their argument runs thus: In 1844, when our Constitution was adopted and thereafter until the enactment of the Uniform Fraudulent Conveyance Law in 1919, a creditor's bill in equity to set aside a fraudulent conveyance of personal property, must show the creditor has acquired a lien on the property by issuing execution on his judgment. Dunham v. Cox, 10 N.J. Eq. 437, 467; Young
v. Frier, 9 N.J. Eq. 465. Otherwise Chancery was without jurisdiction. The legislature is without power to extend the jurisdiction of Chancery and hence so much of the Uniform Fraudulent Conveyance Law, now R.S. 25:2-15, as purports to dispense with the necessity of an execution, is unconstitutional.
Let us plunge into the middle of the matter and consider whether indeed the legislature is not empowered to extend the jurisdiction of the Court of Chancery. Observe first that the Constitution makes no distinction among our several higher courts. The relation of every one of them to the legislative power is identical. The legislature cannot, but if it could abolish or impair the power of Chancery to give injunctive relief to a suitor, it could abolish or impair the power of the Supreme Court to grant relief on certiorari; if it could make Chancery share its ancient exclusive jurisdiction with some other tribunal, it would have power as well to make the Supreme Court share its exclusive jurisdiction. If the legislature can extend the jurisdiction of the Supreme Court or *Page 182 
any of our higher courts, it can extend the Chancery jurisdiction. So we can rely on precedents relating to other courts, as confidently as if they directly concerned the jurisdiction of Chancery.
The classic opinion of Chief-Justice Beasley in Harris v.Vanderveer's Ex'r, 21 N.J. Eq. 424, contains a complete answer to the contention that the legislature cannot extend Chancery jurisdiction. In that famous case, the question was whether the legislature could extend the jurisdiction of the Court of Errors and Appeals so as to embrace appeals from the Prerogative Court. The answer was in the affirmative. A few quotations from the opinion may not be amiss. "I have said that the essential qualities of all the constitutional courts are indestructible and unalterable by the legislature. But an extension of the jurisdiction of a court, such extension being in harmony with its character, and not being a usurpation on the inherent powers of any other court, is not within the constitutional prevention. Perhaps there is no constitutional court in this country, the sphere of whose operation is entirely beyond legislative extension. * * * In the judicial system of a state, few things can be imagined more obstructive of the progress of society than courts with jurisdictions absolutely fixed. I have said such a contrivance is an anomaly nowhere to be found; it is certain it cannot be pretended to have ever existed in this state. From the earliest times, every session of the legislature has added to the subjects of judicature, and the jurisdiction of our courts has been adjusted to this ever varying condition of things. * * *"
"But as I have already remarked, an aptitude for enlargement, from the inherent nature of judicial institutions, appertains to every constitutional court. And the consequence is, that when the constitution vests power in a court `as heretofore,' and declares that the several courts shall continue with like powers and jurisdiction as though the constitution had not been adopted, the effect is, that the primitive powers of such tribunals remain inalienably established, while at the same time there is implanted in them that principle of development by which their cognizance may be extended over new cases as they arise, and which principle is a part of their *Page 183 
very nature and constitution. Looking at the subject therefore in either point of view, I have no doubt that the jurisdiction of this court is extensible at the will of the legislature, provided, by such extension, the province of no other court or department of government is intrenched upon or invaded."
Scarcely was the ink dry on the Constitution of 1844 when the legislature resumed the process of inventing new causes of action and amending old, and of extending the jurisdiction of our courts wherever such extension might be necessary to meet changing conditions. A very few instances will be enough. In 1870 came the act to quiet titles. P.L. 1870 p. 20; R.S. 2:76-1, c. Brady
v. Carteret Realty Co., 70 N.J. Eq. 748. In 1892 the Municipal Lien Act was passed and jurisdiction thereunder impliedly given to the Court of Chancery. P.L. 1892 p. 369; R.S. 2:60-180, c.Delafield Const. Co. v. Sayre, 60 N.J. Law 449. It is interesting to note that the decision that the Court of Chancery rather than a law court should enforce the rights given by the new statute was rested, not so much on the nature of the rights, as upon the intention of the legislature that Chancery should have jurisdiction. The Declaratory Judgment Act is still more recent. P.L. 1924 p. 312; R.S. 2:26-66, c.
The jurisdiction of the Supreme Court on certiorari is one of the ancient and inherent attributes of that court, and yet, even here, the legislature by statutes enacted since the adoption of our Constitution, has greatly added to the jurisdiction. All that class of cases in which the power to afford a remedy depends upon the determination of disputed questions of fact, rest on statute.P.L. 1871 p. 124; P.L. 1881 p. 34; R.S. 2:81-8; Moran v.Jersey City, 58 N.J. Law 653.
But the example of this legislative power which is the most interesting for the present inquiry, remains to be stated. At common law and in New Jersey, an execution on judgment did not reach choses of action of the debtor, and the execution gave the creditor no lien on choses of action. Whether the creditor could maintain a suit to set aside a fraudulent transfer of choses, seems to have been a matter of doubt. In New York, Chancellor Kent held that he could. *Page 184 Bayard v. Hoffman, 4 Johns. Ch. 450. There appears to have been no decision in New Jersey on the question. Then, by two statutes (P.L. 1845 p. 141; R.S. 2:29-110 and 111, and P.L.1850 p. 301; R.S. 2:26-148, c.) the legislature clarified the situation. The Court of Errors and Appeals in Tantum v. Green,21 N.J. Eq. 364; affirming 19 N.J. Eq. 105, said that it was not necessary to decide whether independent of these statutes a judgment creditor could maintain a bill in Chancery to reach the choses in action of the judgment debtor which are not subject to levy by virtue of an execution on the judgment; that such a right is given to the judgment creditor by the statutes. There was no discussion whether the statutes created a lien on the choses; it was enough that they gave the creditor a right of action.
While the authority of the legislature to extend the jurisdiction of Chancery is well established, such extension must be in harmony with the essential character of the court. To impart to a Court of Chancery ordinary common law powers would be to effect a radical change in that tribunal. The legislature is incompetent to confer a purely legal faculty on the Court of Chancery or a purely equitable faculty on a court of law. JerseyCity v. Lembeck, 31 N.J. Eq. 255, 265. Thus criminal jurisdiction cannot be conferred on Chancery. Hedden v. Hand,90 N.J. Eq. 583.
The essential jurisdiction of Chancery embraces two divisions, the enforcement of equitable titles and equitable rights which are not cognizable in a court of common law and the protection of legal titles and rights whenever the courts of law are unable to afford a complete and adequate remedy. Pom. Eq. Jur. § 129.
The Uniform Fraudulent Conveyance Law affords the judgment creditor a remedy although he has obtained no lien on the property. It is the old equitable remedy of cancellation or setting aside of the fraudulent transfer so that the purchaser at the execution sale may obtain an unquestionable title. Whether the right of the creditor to reach the property be considered an equitable or a legal right, it is plain that the suit comes within the general definition of Chancery jurisdiction, for the courts of law afford the creditor no remedy at all. If he cannnot have *Page 185 
relief in Chancery, he can have it nowhere. The statute certainly makes no change in the inherent nature of the Court of Chancery.
Of course, the legislature is without power to impair the jurisdiction of any of the constitutional tribunals or to make any constitutional court share its exclusive jurisdiction with any other court. Flanagan v. Treasurer of Plainfield,44 N.J. Law 118. The Essex County Circuit Court in which complainant obtained judgment, has the exclusive right to issue execution on that judgment (unless it is docketed in the Supreme Court). And to receive back the execution unsatisfied. I add the last because it seems that the debtor, at no time since the judgment was entered, has had sufficient assets to pay it. Quite obviously, nothing in the legislation which authorizes suit in Chancery before the issuance of execution, in anywise impairs the jurisdiction of the Circuit Court; and defendants do not so contend. Nothing in the statute hinders the issuance of execution from the law court if the owner of the judgment so desires. Neither does the statute give, or purport to give, Chancery any right to issue execution on the Circuit Court judgment. If complainant obtains decree and an execution issues in this suit, such execution will not issue on the judgment but on the decree of Chancery.
The question involved on the motion to dismiss the bill is similar to that which was presented in United Stores Realty Co.
v. Asea, 102 N.J. Eq. 600, in which the Court of Errors and Appeals held that the Uniform Fraudulent Conveyance Law is not unconstitutional in so far as it enables a creditor to challenge in Chancery a fraudulent transfer of real estate although he has no lien upon the property. In that case, the creditor had a District Court judgment which was not a lien.
I have been assuming thus far that the Court of Chancery did not have jurisdiction, when the Constitution of 1844 was adopted, of a suit identical with the one before me. But this, I submit, is a misconception. A court may have jurisdiction of the subject-matter of an action although on the facts alleged in the complainant's pleading, judgment should go against him. The word "jurisdiction" has several meanings, *Page 186 
and therefore its use is full of pitfalls. When we speak of the jurisdiction of a court under our Constitution, as I now do, we refer to its power to entertain a certain class of litigation, or a particular cause, and to render a judgment therein which will be binding on the parties who are lawfully before the court. Chancery, I believe, has always had jurisdiction of a suit to set aside a fraudulent transfer of chattels, although the complainant had not issued execution on his judgment. A decree for complainant before the statute of 1919, would have been erroneous, but not a nullity, subject to collateral attack. To put it a little differently — a complainant had a right to bring such a suit in Chancery, and Chancery had jurisdiction to determine whether or not complainant was entitled to the decree sought. Under the law existing before 1919, Chancery should, of course, have dismissed the bill, not for lack of jurisdiction, but because the complainant had failed to allege that which the existing law said was necessary to entitle him to a decree setting aside the fraudulent transfer. 34 C.J. 560; Pom. Eq.Jur. § 131; Jarrell v. Laurel Coal, c., Co. (W.Va.),84 S.E. Rep. 933; L.R.A. 1916 E 312, and cases cited in note. "A court of general jurisdiction may misconstrue, misapply or plainly disobey the law in pronouncing judgment, yet so long as its judgment remains unreversed, it unalterably binds the parties." Shultz v. Sanders, 38 N.J. Eq. 154; Id. 293. Any other rule would lead to anarchy.
The Uniform Fraudulent Conveyance Law does not extend the jurisdiction of Chancery; it simply alters in detail the elements constituting a cause of action, which has been cognizable in Chancery from the days of the Revolution.
Before leaving this subject, I will mention another provision of the Uniform Fraudulent Conveyance Law. Before its enactment, a conveyance was conclusively fraudulent if it was voluntary and was made after the liability to complainant had been incurred.Haston v. Castner, 31 N.J. Eq. 697. The statute altered this rule, so that the conveyance is not considered fraudulent unless made while the debtor is insolvent. Under defendants' theory, this would be an unconstitutional impairment of Chancery's jurisdiction. But *Page 187 
clearly here is nothing to do with jurisdiction. It is another change in the cause of action, whereby a decree for complainant would now be erroneous, which before would have been correct.
The motion is denied.