41 N.J. Super. 429 (1956)
125 A.2d 349
FRED C. EHNES, ASSIGNEE, PLAINTIFF-RESPONDENT,
v.
IRENE KING, NOW KNOWN AS IRENE R. CONNELLY, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued August 20, 1956.
Decided September 20, 1956.
*430 Before Judges PROCTOR, WAESCHE and HETFIELD.
Mr. Benjamin Nessanbaum argued the cause for the plaintiff-respondent.
Mr. Frank E. Vittori argued the cause for the defendant-appellant (John Henry Reiners, Jr., attorney).
The opinion of the court was delivered by PROCTOR, J.S.C. (temporarily assigned).
Plaintiff is the assignee of a judgment secured against the defendant in the sum of $8,810.32 on February 18, 1930. The judgment was entered on confession of a bond and warrant allegedly executed by the defendant and her husband on November 18, 1925. At the time of the entry of the judgment the defendant was a resident of Pennsylvania and *431 continued to reside there until 1953 when she moved to New Jersey. In March 1956 the plaintiff filed a complaint to revive the judgment and an order was entered directing the defendant to show cause why a judgment of revivor should not be entered on plaintiff's application. The defendant filed an answer and also a notice of motion to vacate or reopen the judgment. The statute of limitations is not involved. N.J.S. 2A:14-22.
The matter was argued in the Law Division on affidavits and counter-affidavits of the parties. The affidavits of the plaintiff assert that the bond and warrant, together with a second mortgage on lands in Moorestown, New Jersey, were given for a loan by the Broadway Merchants Trust Company to the defendant and her husband; that the first mortgage on the land was foreclosed in 1929, the defendant having been personally served in Pennsylvania with the subpoena and an amended bill of complaint. No answer was filed by the defendant. It is further asserted by the plaintiff that two years before the institution of the foreclosure proceedings the defendant and her husband, who owned the mortgaged property as tenants by the entirety, conveyed it to a third person who in turn conveyed it to the defendant individually. The final decree in the foreclosure proceedings adjudged the sum of $8,681.17 to be the amount due to Broadway Merchants Trust Company on its bond and mortgage. The proceeds from the resulting sale were insufficient to satisfy the first mortgage, whereupon Broadway Merchants Trust Company entered the judgment mentioned above and assigned it to the Federal Deposit Insurance Corporation, which corporation later assigned it to the plaintiff.
Defendant's affidavits assert that the writing purporting to be her signature on the bond and warrant on which the judgment was entered is a forgery, or if otherwise, was obtained as a result of fraud or mistake; that her husband died in 1929; that for several years before his death she was unfamiliar with his business transactions, and that until the institution of this action she had no knowledge that *432 she was ever the owner, either individually or jointly, of any real estate in Moorestown, New Jersey; that shortly after her husband's death demand was made upon her to pay a promissory note allegedly executed by her and her husband in favor of the Broadway Merchants Trust Company, the original obligee on the bond and warrant on which the judgment was entered; that upon examination of the note she disclaimed it as a forgery; that others concurred in this view and the bank took no further action. She further asserts that she is informed and believes that "this original forged note, executed at approximately the same time as the subject bond and warrant," is in the possession of the plaintiff. The latter statement is not controverted by the plaintiff. In a supplemental affidavit she asserts that she has no knowledge or recollection of ever having executed a mortgage or a bond and warrant either individually or jointly with any person.
The trial court held that the defendant's affidavits did not set forth "the necessary facts to establish either fraud or forgery" and entered a judgment of revivor in favor of plaintiff in the sum of $22,580.04. Defendant appeals.
A judgment by bond and warrant of attorney, entered without the institution of suit and an opportunity of making a defense, may be reopened at any time for proper cause. See In re Koehler's Estate, 102 N.J. Eq. 133 (Prerog. 1928); see also R.R. 4:62-2(f). Our courts have always exercised the power on equitable grounds to reopen such judgments. Barrow v. Bispham, 11 N.J.L. 110 (Sup. Ct. 1829). In Alderman ads. Diament, 7 N.J.L. 197 (Sup. Ct. 1824), Chief Justice Kirkpatrick stated:
"* * * I think that these judgments entered upon bonds and warrants of attorneys should, upon proper application, be very readily and widely opened, for the method in which they are entered is the loosest way of binding a man's property that ever was devised in any civilized country."
See also Hickory Grill, Inc., v. Admiral Trading Corp., 14 N.J. Super. 1 (App. Div. 1951).
*433 In view of the above principles it is our opinion that the allegations contained in the defendant's affidavits set forth the necessary facts so far as practicable under the circumstances to place in issue the existence of forgery or fraud, and therefore justify a reopening of the judgment. The substance of defendant's affidavits is that she did not sign the bond and warrant of attorney, or that she possibly signed something which was represented to be an instrument other than the one upon which the judgment was entered. It would be inequitable to permit this judgment to stand without allowing defendant her day in court. See Wills v. Atkinson, 15 N.J. Misc. 418 (Sup. Ct. 1937).
There is no merit in plaintiff's argument that the final decree in the foreclosure action is res judicata as to the defendant's obligation on the bond upon which the judgment was entered. Though the amount of the decree in a foreclosure suit is res judicata in an action on the bond for deficiency, the obligor being a party to the foreclosure suit, defenses to liability on the bond are available in an action on such bond. Usbe Bldg. & Loan Ass'n v. Ocean Pier Realty Corp., 112 N.J. Eq. 580 (Ch. 1933).
Plaintiff finally urges that the defendant is in laches in permitting the judgment to stand without question for 26 years. The answer to this is that the judgment was entered by bond and warrant of attorney and the defendant in her affidavits denied any knowledge of its existence until the plaintiff sought to have it revived.
The matter is remanded to the Law Division to permit a defense to be interposed (R.R. 4:85-5), the lien of the judgment of revivor to continue however until further order of the court.