50 N.J. Super. 109 (1958)
141 A.2d 62
FRED C. EHNES, ASSIGNEE, PLAINTIFF-APPELLANT,
v.
WILLIAM (R.) KING, EXECUTOR OF THE ESTATE OF IRENE KING, ALSO KNOWN AS IRENE R. (OR G.) CONNELLY, DECEASED, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued April 8, 1958.
Decided May 5, 1958.
*110 Before Judges GOLDMANN, FREUND and CONFORD.
Mr. Benjamin Nessanbaum argued the cause for appellant.
Mr. Frank E. Vittori argued the cause for respondent.
The opinion of the court was delivered by GOLDMANN, S.J.A.D.
The present action was instituted by plaintiff in March 1956 when he proceeded by complaint and order to show cause under R.R. 4:85-1 et seq., R.R. 4:85-6, to revive a judgment secured in 1930 by the Broadway Merchants Trust Company against Irene King on a bond and warrant of attorney for a mortgage deficiency. Plaintiff is the assignee of that judgment through mesne assignments. He appeals from the judgment entered upon defendant's motion made at the close of plaintiff's case, the Law Division judge holding that plaintiff had not sustained his burden of proof.
On February 18, 1930 the Broadway Merchants Trust Company recovered a final judgment of $8,820.32 against Irene King in our former Supreme Court. Irene King subsequently married Aaron A. Connelly and resided in the State of Pennsylvania from the date of the judgment until March 1953, when she moved to New Jersey. The complaint and supporting affidavit alleged that no part of the original judgment had been paid, and that there was now due thereon the principal sum of $8,820.32, plus interest of $13,759.72, or a total of $22,580.04. Irene King (Connelly) filed an answer admitting all the allegations of the complaint except *111 that there was any sum due on the judgment whatsoever. By way of separate defenses she stated that she had never executed the bond and warrant of attorney upon which the 1930 judgment was entered, and her purported signature appearing thereon was a forgery; and that if the signature was in fact hers, it was obtained as a result of fraud or mistake. Claiming that the judgment was void as a matter of law, she demanded that the complaint be dismissed and the judgment reopened or vacated. Her answering affidavit added that she had not been served with process in the 1930 action.
Irene King (Connelly) then moved to reopen the 1930 judgment on the grounds set out in her answer and answering affidavit. Plaintiff's reply affidavit supplies us with the factual background of the judgment sought to be revived. It appears that in November 1925 Mrs. King and her then husband executed a bond to the East End Trust Company (later known as the Broadway Merchants Trust Company) in the real sum of $7,000, secured by a second mortgage upon certain property in Moorestown Township owned by the Kings as tenants by the entirety. Annexed to the bond was a warrant of attorney to confess judgment. The mortgage was recorded. At the time of the execution of the second mortgage the property was encumbered by a $10,000 mortgage made by the Kings, recorded, and later assigned to one Richardson. In September 1926 the Kings conveyed the mortgaged premises to an Elizabeth B. Cole, who at once reconveyed to Irene King. In June 1929 Richardson instituted suit in our former Court of Chancery to foreclose his first mortgage, in which proceeding Irene King was personally served with subpoena ad resp. and a copy of the complaint. She did not answer; there followed a decree pro confesso, master's report, and final decree directing that the mortgaged premises be sold to satisfy the amount due under the first mortgage and then the sum due the Broadway Merchants Trust Company on its bond and mortgage, together with interest and costs. The premises were sold for $100 to Richardson and thereafter, on February 13, *112 1930, judgment was entered by confession on warrant of attorney against Irene King for $8,810.32 and $10 costs. Plaintiff's affidavit also alleges that Irene King told him she knew of the trust company's judgment but that nothing could be done about it since it was more than 20 years old.
By way of supplemental affidavit in support of her motion to reopen the judgment sought to be revived, Irene King (Connelly) averred that she had no knowledge or recollection of ever having executed a mortgage or a bond and warrant, either individually or with her former husband, on property situate in Moorestown; she never knew she owned property there; she received no consideration for the giving of any bond and warrant or mortgage; for several years prior to her first husband's death in 1929 she was unfamiliar with his business transactions; that shortly after his death she was called upon to pay a note allegedly executed by the two of them in favor of the Broadway Merchants Trust Company, but was relieved of liability, upon her claim of forgery (alleging the note was presently in plaintiff's hands); and she denied she told plaintiff that she knew of the judgment but that nothing could be done about it because it was over 20 years old.
The Law Division entered a judgment of revivor for plaintiff, holding that Irene King's affidavits fell far short of setting forth the facts necessary to establish either fraud or forgery. On appeal to this court the judgment was reversed, 41 N.J. Super. 429 (App. Div. 1956). Speaking for the court, Judge (now Justice) Proctor noted that a judgment by bond and warrant of attorney may be reopened at any time for proper cause, our courts having always exercised that power on equitable grounds. He held that Irene King's affidavits set forth enough facts under the circumstances to place in issue the existence of forgery or fraud, and therefore justified a reopening of the judgment. The court noted that it would be inequitable to permit the judgment to stand without allowing defendant her day in court. The matter was remanded to the Law Division "to permit a defense to be interposed (R.R. 4:85-5), the lien of the *113 judgment of revivor to continue however until further order of the court."
On remand a new pretrial order was framed stating that the action was one to revive the judgment entered on bond and warrant of attorney in 1930, "subject to defendant's right to interpose her defense as to the validity of that judgment." It sets out defendant's contentions, which are the same as those stated in her original answer and affidavits. Subsequent to this Irene King (Connelly) died and the action was revived and her executor, William King, substituted as defendant. At the trial plaintiff proved the 1930 judgment, its assignment to him, and that nothing had been paid thereon. The amount due was $22,580.04, including interest to May 3, 1956, interest thereafter being waived. Plaintiff then rested. Defendant at once moved for judgment, arguing that the Appellate Division had set aside the 1930 judgment and plaintiff must therefore establish a prima facie case by proving the existence of the bond and warrant under which he claimed Mrs. King was bound before he could call upon defendant to prove his defenses. Defense counsel elected to introduce no evidence but rested upon the motion for dismissal. Plaintiff in turn moved for a judgment of revivor.
The Law Division judge said he was bound by the Appellate Division, which had declared that there was sufficient in defendant's affidavits to justify a reopening of the judgment. However, he interpreted our former opinion to mean that plaintiff had to prove the original bond and warrant  it might here be noted that the bond and its annexed warrant appear to have been lost or destroyed, only copies being available  and since plaintiff had limited his proof to the existing judgment and the amount due thereunder, there was no evidence to establish his cause of action. He thereupon entered the judgment under appeal in defendant's favor.
The judgment must be reversed. The prior direction of this court is the law of the case, and all parties are bound by it. A reading of our prior opinion, 41 N.J. *114 Super. 429, shows that this court was concerned with the question of reopening the judgment. Having determined that defendant's affidavits indicated a valid defense, if such could be proved, it correctly concluded that the judgment of revivor be reopened in light of our policy to reopen judgments by bond and warrant of attorney on equitable grounds. Alderman ads. Diament, 7 N.J.L. 197 (Sup. Ct. 1824); Barrow v. Bispham, 11 N.J.L. 110 (Sup. Ct. 1829); Hickory Grill, Inc. v. Admiral Trading Corp., 14 N.J. Super. 1, 5-6 (App. Div. 1951); Ledden v. Ehnes, 22 N.J. 501, 509-510 (1956). The final paragraph of the Appellate Division opinion (41 N.J. Super. at page 433) states the direction of the court: it is merely that a defense may be interposed. The direction that the judgment of revivor continue as a lien until further order of the court reenforces the idea that the judgment was to persist, subject only to its possible divestment should defendant establish her defense, rather than, as now argued by defendant, that the judgment be set aside and considered a nullity.
This determination by the Appellate Division on the prior appeal accords with a practice of long standing. In Alderman ads. Diament, above, although a judgment upon a bond and warrant was opened and defendants allowed to plead a defense on the merits, the court said:
"* * * nevertheless, the defendants are not at liberty to plead non est factum, and the judgment and execution to stand as a security for the plaintiff." (7 N.J.L. at page 199.)
It thus appears that the judgment is treated as proof of plaintiff's case, subject to such defenses as can be established by defendant; it is not set aside in toto. This very procedure was adverted to in Fortune B. & L. Ass'n v. Codomo, 122 N.J.L. 565, 567 (Sup. Ct. 1938), where it was said:
"We understand the general rule in cases of this kind to be this: that where the proceeding is regular on its face, but equitable features appear, indicating that injustice would be done by strict enforcement, the judgment will be opened on equitable terms. * * *" *115 Since the confessed judgment in that case was based upon a defective affidavit, the setting aside of the judgment was affirmed.
Alderman ads. Diament, indicated that the usual and proper way to proceed in cases like this is to "let the judgment stand, and to award a feigned issue to try the fact." Such was the practice in Barrow v. Bisphan, above, 11 N.J.L., at page 120, where a judgment obtained on bond and warrant was opened. The feigned issue is set out following the opinion and assumes proof of plaintiff's case for the purpose of trying the question of fraud.
The former opinion of this court clearly indicates an intention to follow the described procedure. It certainly would not be equitable to make plaintiff prove the bond and warrant again, particularly since the fraud charged does not go to the 1930 court proceedings but to the execution of the bond and warrant itself. Irene King (Connelly) was given the opportunity of having her day in court; there was an open invitation extended her to establish the defense of forgery, fraud or mistake. No advantage was taken of the opportunity so afforded. In fact, it was rejected at the very opening of the trial below, defendant's counsel announcing that he did not intend to introduce any specific testimony by way of defense but proposed to establish that plaintiff could not make out a case. And when the trial court, at the conclusion of the argument on defendant's motion for judgment at the close of plaintiff's case, inquired whether defense counsel intended to present any proof as to forgery, fraud or mistake, he answered in the negative.
Plaintiff proved all that he had to prove: the original decree, its assignment to him and the balance due. Smith v. Burnet, 17 N.J. Eq. 40 (Ch. 1864). He was entitled to judgment.
Reversed and remanded for the entry of judgment in plaintiff's favor in the amount proved at the trial.