239 N.J. Super. 229 (1990)
570 A.2d 1297
ELMORA HEBREW CENTER, INC., A RELIGIOUS CORPORATION OF NEW JERSEY, PLAINTIFF-APPELLANT,
v.
YALE M. FISHMAN, CHARLES APTOWITZER, HOWARD POLLICK, MARK MASON AND BRUCE BUECHLER, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued February 20, 1990.
Decided March 14, 1990.
*230 Before Judges PETRELLA, O'BRIEN and HAVEY.
Russell M. Woods argued the cause for appellant (Woods & Trembulak, attorneys; Russell M. Woods, on the brief).
Yale M. Fishman, argued the cause pro se.
No brief filed on behalf of respondents Charles Aptowitzer, et al.
PER CURIAM.
This appeal is related to the subject matter of our prior opinion in Elmora Hebrew Center, Inc. v. Fishman, 215 N.J. *231 Super. 589, 522 A.2d 497 (App.Div. 1987). The dispute between the parties was submitted to the Beth Din in accordance with an order of the Chancery Division as affirmed by this court in that decision. The Beth Din concluded that it would not consider the matter unless all aspects of the dispute between the parties were submitted to it. After such undertakings were entered into by the parties the Beth Din considered the matter and essentially found in favor of Rabbi Fishman and awarded him $100,000. Although it found no basis to remove him from his position as spiritual leader of Elmora Hebrew Center, for the sake of peace it concluded that he should willingly leave his position as its spiritual leader within two months after he was paid the award. The Beth Din also directed that the parties release each other from any civil claims.
The matter was presented to the Chancery Division for confirmation of the award. Judge MacKenzie found that the parties had freely and voluntarily consented to full and complete adjudication of all disputes and enforced the Beth Din's determination. He also ordered compliance with the requirements for dismissal of certain law suits pending in Essex County.[1] Judge MacKenzie set forth fully his reasons for upholding the award in a May 26, 1988 opinion letter. He supplemented that opinion by a September 25, 1989 letter opinion pursuant to a limited remand from this court. In the September 25 letter he explained the dismissal of the civil suits as being part of the enforcement of the Beth Din determination.
Elmora Hebrew Center, Inc. (EHC) appeals the determination of the Chancery Division and argues that it could not constitutionally be forced to submit to the jurisdiction of a religious *232 court which applied principles contrary to its own religious tenets.[2] It also challenges the judge's conclusion that it had consented to arbitration and waived its rights. It takes the position that it only signed the agreement to submit the matter to the Beth Din because of the court order. After the referral, EHC applied to Judge Stein to have the tribunal disqualified. It argues that he should have disqualified the tribunal because it had been designated by the court and was biased. Finally, it contends that a previous judge who ruled on a motion had no authority to transfer the pending Essex County Law Division actions to the Beth Din.
In many respects appellant attempts to reargue various matters which were previously decided by this court. We note that there was no application to the New Jersey Supreme Court for certification and no request for certiorari to the United States Supreme Court from our decision reported at 215 N.J. Super. 589, 522 A.2d 497. Hence, we view our prior decision as binding on the parties and find no basis to reopen that decision between the same parties. Established principles of repose apply. State v. Reldan, 100 N.J. 187, 203, 495 A.2d 76 (1985); State v. Hale, 127 N.J. Super. 407, 410, 317 A.2d 731 (App.Div. 1974); see Koppel v. Olaf Realty Corp., 62 N.J. Super. 103, 162 A.2d 306 (App.Div. 1960). Even if the prior decision were erroneous, and we do not consider it to have been, it was still entitled to be respected and enforced by the lower court. State v. Reldan, supra, 100 N.J. at 203, 495 A.2d 76; Ehnes v. King, 50 N.J. Super. 109, 141 A.2d 62 (App.Div. 1958); Epstein v. Bendersky, 130 N.J. Eq. 180, 186, 21 A.2d 815 (Ch. 1941).
In his May 26, 1988 opinion enforcing the Beth Din award Judge MacKenzie fully addressed and analyzed the issues as follows:

*233 As the court expressed in its letter to counsel of March 21, 1988, I had sincerely and fervently hoped that the parties would be able to put an end to their monumental, adversarial struggles which have been ongoing since December 1985.[1] Regretfully, that hope has not been realized; the parties have been unable or unwilling to accept the decision (`Psak') of the Beth Din of the Agudas Harobonim (`Beth Din'). Accordingly, as I advised counsel, the court must decide the pending motion.
For the most part, the court agrees with Rabbi Fishman's analysis of the law and the facts. The Beth Din adjudicated the dispute between Rabbi Fishman and the Elmora Hebrew Center (`E.H.C.') only after both parties signed what is tantamount to an arbitration agreement. This agreement was entered into freely and voluntarily, with an awareness on the part of both sides as to the meaning and the significance of that form of religious dispute resolution. The Beth Din would not have accepted the responsibility to arbitrate without an effective and binding consent by the parties. The E.H.C. cannot now be allowed to challenge what their President signed on their behalf.[2] The claim of lack of consent which has been asserted by the E.H.C. is disingenuous, and is rejected. It may be that the E.H.C. was initially resistive to the idea of submitting the various disputes to the jurisdiction of the Beth Din. Nevertheless, that original reluctance abated, perhaps after consultation with counsel. The court notes that the E.H.C. was represented at the Beth Din by two attorneys, one their attorney in this action and the other an acknowledged specialist in the field of Rabbinic and Jewish Law. To assert now that the E.H.C. was pressured by the Court, or otherwise, into permitting a special tribunal of the Union of Orthodox Rabbis to resolve all the disputes defies acceptance by this Court. To do so would be [to] conclude that Emmanuel Feinberg deliberately made a false statement to a religious organization. I am unwilling to reach such a conclusion. This court concludes that the parties knowingly consented to have the Beth Din serve as arbitrators. They agreed to accept the decision of the Beth Din as a final, binding adjudication [of] their respective claims. They agreed there would be no appeal. Each party should be held to his agreement.
Before reaching its decision and award, the Beth Din heard lengthy oral testimony and accepted voluminous documentary evidence in support and in controversion of the charges and countercharges that have been made in this, and other related litigation. The Beth Din deliberated long and fully before reaching its written conclusions. The Beth Din was comprised of three learned rabbis who are experts in Jewish Law. As such, that tribunal was best suited to consider the facts in dispute and reach an appropriate adjudication of respective rights of the parties. The detail with which the decision of the Beth Din is expressed bespeaks the care, compassion and obedience to law exercised by the panel. The comprehensiveness of the Psak reflects a decision on the many, pervasive questions of a religious nature in dispute. What otherwise were civil issues are so interwoven with the religious issues that the Psak encompasses all aspects of this case.
In resolving the religious issues regarding the rabbinic tenure rights and the duties owed by Rabbi Fishman to the E.H.C., the Beth Din has left this court *234 with no remaining purely civil issues to decide. The parties are obligated to dismiss all secular court cases and to desist from future litigation in this forum. The Psak was within the scope of the Beth Din's authority to act in light of the language used in the consent stipulation. The Beth Din was empowered to rule in accordance with Jewish Law so as to put an end to the lengthy and destructive dispute between the parties. Perhaps, the award reflects a compromise in resolving the dispute; if so, compromise was within the authority given by the parties' consent.
The scope of judicial review of any arbitration award is extremely limited. Absent proof of fraud, partiality, misconduct on the part of the arbitrators, and there was no such showing, or that they exceeded their authority, which the Court has decided contrary to the E.H.C., the obligation of the court is to confirm and enforce the award. The law favors dispute resolution through consensual arbitration, and so the award is presumed to be valid. So it is here. On this record the Beth Din's decision and award must be confirmed.
Counsel have argued that this case implicates the Arbitration Act, N.J.S.A. 2A:24-1, et seq. The court disagrees with both attorneys. The Arbitration Act comes into play where there is a contract between the parties providing for arbitration. That is not the case here. This arbitration arose ad hoc in the course of litigation. This arbitration is more akin to common law arbitration, see, e.g., Heffner v. Jacobson, 100 N.J. 550 [498 A.2d 766] (1985). As such, the procedural niceties of the statutory scheme need not be observed. Plaintiff's various objections to confirmation are overruled.
This court recognizes the `inherent difficulty in a civil court ... enforcing any action by the Beth Din.' Elmora Hebrew Center v. Fishman, 215 N.J. Super. 589, 597 [522 A.2d 497] (App.Div. 1987). Nevertheless, given the unique circumstances present here, the court is inclined to enter a final judgment confirming the decision and award of the Beth Din. This judgment is expressly conditioned on the dismissal of the two Fishman v. Halberstadter cases and the exchange of mutual releases, as well as compliance with all the requirements established by the Beth Din.
Because the Beth Din's decision was intended to cover the totality of the financial claims, all prior pendente lite awards in favor of Rabbi Fishman are vacated nunc pro tunc. The E.H.C. is entitled to credit against the $100,000 for any and all funds paid to Rabbi Fishman under the order of the Superior Court. The pending motion for a turnover of funds held in the name of E.H.C. with the National State Bank is denied as inconsistent with the spirit of the Beth Din's determination. The court also wishes to encourage mutual compliance with this Court judgment without the compulsion of court process.
The court is also relying on Rabbi Fishman and the E.H.C. to meet their financial obligation to the Beth Din, if each has not already done so.
[1] Some of the background of this case is reported at 215 N.J. Super. 589, 522 A.2d 497 (App.Div. 1987).
[2] The language of the consent signed by Emmanuel Feinberg on behalf of the E.H.C. is as follows
Blessed be the Lord:
This is to certify that we the undersigned fully accept upon ourselves the following judgment of the Beth Din of the Union of Orthodox Rabbis of the *235 United States and Canada namely Rabbi Sincha Elberg, Rabbi Samuel Orenstein, and Rabbi Zvi Meir Ginsberg, to adjudicate between us according to their judicious wisdom, we affirm hereby that we have accepted upon ourselves to obey and fulfill the judgment which shall issue forth from this Beth Din whether it be verdict or compromise, according to the determination of the aforementioned judges without any appeal whatsoever before any Beth Din under Jewish Law or any civil court, but it is incumbent upon us to obey the verdict of the aforementioned Beth Din without any further complaint. All of the above was entered into voluntarily through the legal transfer and acquisition of rights through `Sudur', the agreement is made without any reservations whatsoever in a recognizable and legally binding manner and is entered into in a manner so to be completely and lawfully binding.
Everything mentioned above was accepted and affirmed and to this we affix our signature today the eleventh day of Sivan 5748 corresponding to the eight day of June, 1987 here in New York.
 /s/ Rabbi Yale M. Fishman
 /s/ Emmanuel Feinberg, President
Our thorough review of the record in light of the arguments in the briefs satisfies us that there was sufficient basis for Judge MacKenzie's determination and that there is no ground to disturb his findings and conclusions. See Rova Farms Resort v. Investors Ins. Co., 65 N.J. 474, 484, 323 A.2d 495 (1974).
We affirm substantially for the reasons stated by Judge MacKenzie in his May 26, 1988 opinion.
NOTES
[1] Fishman v. Sanford Halberstadter, Docket No. W-003959-86 and Fishman v. Harvey Halberstadter, Docket No. W-012861-87. Although these matters were dismissed, a consent judgment was entered on December 21, 1988 reinstating them. They were again dismissed on October 12, 1989 for failure to comply with a discovery order. We were advised by Rabbi Fishman that the dismissals were not vigorously opposed or challenged by him thereafter in order to comply with the mandate of the Beth Din.
[2] We note that contrary to the Court Rules, respondent Fishman has improperly filed a typed brief which is single spaced, 45 pages, rather than double spaced. R. 2:6-7, R. 2:6-10. If double spaced it would obviously exceed, without permission, the 65 page limitation for a brief.