**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3015-22

STAFF-IT-NOW, LLC,
A New York Corporation,
and GARY KAIBLE,

     Plaintiffs-Appellants,

v.

KAYNES TECHNOLOGY, INC.,

     Defendant-Respondent.

_____

Submitted October 1, 2024 – Decided October 16, 2024

Before Judges Gooden Brown, Smith and Vanek.

On appeal from the Superior Court of New Jersey, Law Division, Morris County, Docket No. L-2159-20.

Constants Law Offices, LLC, attorneys for appellants (Alfred C. Constants, III, on the briefs).

Gruber, Colabella, Liuzza, Thompson & Hiben, attorneys for respondent (Chris H. Colabella and Samuel C. Colabella, on the brief).

PER CURIAM

After a business dispute, a jury awarded $37,800 in damages to plaintiffs. Plaintiffs now appeal from various orders of the trial court, including certain pre-trial discovery orders and its order denying plaintiffs' post-trial motion for reconsideration. Plaintiffs contend they are entitled to a new trial because the court committed errors before, during, and after trial which affected their ability to prove damages before the jury, resulting in a lower award. We are not persuaded and affirm for the reasons which follow.

I.

The salient facts come from testimony at trial. Defendant, Kaynes Technology (Kaynes) recruits skilled labor, mostly from overseas, for placement with U.S.-based tech companies. Kaynes places about twenty recruits per year with two clients, Morgan Stanley and Maintech Inc.

On April 13, 2019, Staff-It-Now and its principal, Gary Kabile (plaintiffs) entered into an agreement with Kaynes, titled a "Master Service Level Agreement." The one-page document identified a series of agreed-upon services the parties would either perform for each other or perform for third-parties on each other's behalf. At trial, Kabile testified that plaintiffs' role under the contract was to "open up doors and get opportunities" by referring their long-standing tech business customers to Kaynes. Kaynes' role was to "go out and

2

properly recruit consultants to fulfill the [needs] of the [plaintiffs' customers]." The parties agreed to split profits 70/30 for each recruit they placed with one of plaintiffs' customers. The parties also agreed to coordinate operational tasks, like candidate submissions and employer communications, to maximize the number of Kaynes recruits hired by plaintiffs' customers. Finally, the parties agreed to "start" their business relationship with Morgan Stanley, a customer of plaintiffs, that was expressly identified in their agreement.

About eighteen months after the parties signed the agreement, their relationship splintered. Plaintiffs sued Kaynes in the Law Division, alleging: breach of contract; breach of covenant of good faith and fair dealing; unjust enrichment; bad faith; and interference with prospective economic advantage. The pre-trial discovery phase of the litigation was contentious. Between the filing of the complaint in October 2020 and the start of trial in April 2023, plaintiffs filed six separate motions seeking relief for discovery they alleged was improperly withheld by defendant. We summarize the relevant motion practice and corresponding orders.

Plaintiffs filed a motion to dismiss defendant's answer, alleging that, "[d]efendant[] ha[s] denied . . . plaintiff[s] access to various business portals so [they] are unable to finalize [the] damage calculations and obtain other

necessary proofs." They eventually withdrew the motion and on September 9, 2021, the trial court issued a consent order extending discovery. The order extended discovery until January 17, 2022, setting deadlines for production of documents, depositions, and exchange of expert reports.

On December 22, 2021, plaintiffs filed a second motion to dismiss, alleging defendants failed to comply with the September 9 consent order. Plaintiffs further alleged Kaynes denied plaintiffs "access to various business portals," leaving them unable to calculate and present their damages.

In its order denying plaintiffs' second motion to dismiss, the trial court: granted plaintiffs seventy-two hours access to a digital business portal for discovery purposes; required, without deadline, all "relevant requests for depositions and subpoenas be complied with by [d]efendant; granted plaintiffs' demand for certain meeting notes; denied plaintiffs' demand for certain Kaynes business and tax documents; and finally, denied plaintiffs' demand for a contract between co-plaintiff Kabile and one of plaintiffs' customers, Maintech." In its written statement of reasons, the trial court found plaintiffs had "not shown . . . specific need of documents that have proprietary implications . . . ."

4

Plaintiffs filed their fourth motion[1] against both Kaynes and their former client, Maintech. On June 8, 2022, plaintiffs filed a motion to enforce litigants' rights, seeking a contempt order against Maintech, and compelling them to comply with a subpoena served on them by plaintiffs. In a comprehensive order dated July 5, 2022, the court denied the contempt relief. However, the court directed Maintech to turn over detailed information to plaintiffs, including but not limited to: all contracts between Maintech and Kaynes; a list of all Kaynes' recruits placed at Maintech; the details of each placement, including duration and amount paid by Maintech; and all relevant accounts payable documentation and corresponding software needed to access the information.

Plaintiffs also sought relief for discovery which they continued to allege Kaynes failed to produce. In a separate order dated July 15, 2022, the court directed Kaynes to provide certain discovery, including: contracts between the parties and Maintech; various documents Kaynes consented to turn over during depositions of its principals; Kaynes/Maintech billing reports; Kaynes/Morgan Stanley billing reports; Kaynes spreadsheets containing details about Maintech job placements and fees paid to Kaynes; and emails between Kaynes and Kabile.

---

[1]  We omit a recitation of the facts and procedural history of plaintiffs' third motion as it is unnecessary to decide the appeal.

Included in the same order were discovery-related case management directives. The court ordered that Kaynes turn over all documentary discovery on or before July 28, 2022. Depositions were to be completed by August 10. Plaintiffs were given access to the Kaynes' digital portal until August 20. The discovery end date was extended to August 30.

Plaintiffs were unsuccessful in getting Maintech, a business domiciled in New York, to fully comply with the court's July 5 order or with subpoenas.

Plaintiffs filed a fifth motion on August 22, again seeking to enforce litigants' rights against Maintech, based on the court's July 5 order. Kaynes moved for reconsideration of the court's July 15 order, arguing that plaintiffs had no business relationship with Maintech, and that the information the court ordered to be turned over to plaintiffs regarding Kaynes' business relationship with Maintech was proprietary.

On October 14 the court denied plaintiffs' motion as to Maintech and granted Kaynes' motion for reconsideration. On reconsideration, the trial court rescinded its order of July 15. It stated:

> Defendant maintains they have no documents from Maintech. They are however, obligated to provide any such documents that come into their possession. To support the argument that no such documents exist, [d]efendant granted to [plaintiff] access to its computer portal. Plaintiff to date has not availed itself of that

opportunity. The court . . . is inclined to provide a thirty (30) day extension for [p]laintiff to review the relevant documents on the portal pertaining to Maintech.

Finally, on November 29, 2022, plaintiffs filed a sixth motion, again to dismiss defendants' answer and counterclaims for failure to provide discovery. On March 6, 2023, the trial court denied the motion, issuing a written statement of reasons. The court rejected plaintiffs' argument that Kaynes violated the July 15 order, noting that it had rescinded that order on October 14. The court stated, "[t]he court . . . finds that [d]efendant has complied with this [c]ourt's [order] and has satisfactorily provided [p]laintiff with all [c]ourt ordered discovery."

After the two-day trial in April 2023, a jury found for plaintiffs, who then filed a motion for reconsideration. On reconsideration, plaintiffs sought discovery after the verdict, including: accounts payable documents for Morgan Stanley and Maintech; documents evidencing communications between Kaynes and Maintech; documents regarding Kabile's email account in the possession of Kaynes; and Kaynes' W-9 tax forms.

The court made findings. First, the court found the motion for reconsideration was out of time, as much of what plaintiffs sought and argued was decided by the trial court in motion practice long before trial. The record shows plaintiffs raised one trial-related issue on reconsideration, the court's

7

order barring the admission of certain Maintech-related documents during trial. At trial the court found plaintiffs failed to supply the documents to Kaynes prior to the discovery end date, and it granted Kaynes' motion to bar them. On reconsideration, the trial court determined plaintiffs had not met the standard set forth in Rule 4:49-2 and denied the motion. Plaintiffs appealed.

## II.

We review each of the issues on appeal using an abuse of discretion standard, and we recite the well-settled principles which control. We review discovery orders for abuse of discretion. Capital Health Sys. v. Horizon Healthcare Servs., 230 N.J. 73, 79 (2017). "[A]ppellate courts are not to intervene but instead will defer to a trial judge's discovery rulings absent an abuse of discretion or a judge's misunderstanding or misapplication of the law." Id. at 79-80 (citing Pomerantz Paper Corp. v. New Cmty. Corp., 207 N.J. 344, 371 (2011)).

We review a trial court's decision to admit or exclude evidence for abuse of discretion. Est. of Hanges v. Metro. Prop. & Cas. Ins. Co., 202 N.J. 369, 383-84 (2010). We will not disturb a trial court's evidentiary rulings unless they are "so wide off the mark that a manifest denial of justice resulted." Green v. N.J.

Mfrs. Ins. Co., 160 N.J. 480, 492 (1999) (quoting State v. Carter, 91 N.J. 86, 106 (1982)).

We also review a trial judge's decision on whether to grant or deny a motion for reconsideration under Rule 4:49-2 (motion to alter or amend a judgment order) for an abuse of discretion. Branch v. Cream-O-Land Dairy, 244 N.J. 567, 582 (2021); Kornbleuth v. Westover, 241 N.J. 289, 301 (2020); Hoover v. Wetzler, 472 N.J. Super. 230, 235 (App. Div. 2022); Pitney Bowes Bank, Inc. v. ABC Caging Fulfillment, 440 N.J. Super. 378, 382 (App. Div. 2015). "The rule applies when the court's decision represents a clear abuse of discretion based on plainly incorrect reasoning or failure to consider evidence or a good reason for the court to reconsider new information." Pressler & Verniero, Current N.J. Court Rules, cmt. 2 on R. 4:49-2 (2022).

III.

We briefly consider defendant's argument that plaintiffs are barred from challenging the court's pre-trial discovery orders on appeal.

"When a party appeals from a final judgment, the party may seek review of interlocutory orders that have not been rendered moot or definitively ruled upon by an appellate court in a prior or separate appeal." Silviera-Francisco v. Bd. of Educ. of Elizabeth, 224 N.J. 126, 140-41 (2016) (citing Elmora Hebrew

Ctr., Inc. v. Fishman, 239 N.J. Super. 229, 232 (App. Div. 1990), aff'd, 125 N.J. 404 (1991)). "An interlocutory order is preserved for appeal with the final judgment or final agency decision if it is identified as a subject of the appeal. That may be done in the notice of appeal or the case information statement." Id. at 141 (citations omitted).

Plaintiffs' notice of appeal challenges the order of judgment and the trial court's denial of reconsideration. However, plaintiffs' case information statement (CIS) references the "numerous motions for discovery" they filed, and their efforts to seek relief through motion practice. We find plaintiffs' identification of the various discovery orders in their CIS sufficient to consider their arguments on the merits.

We turn to plaintiff's argument that the trial court committed error in its series of discovery orders. Plaintiffs argue the court should have required Kaynes to produce certain documents. Plaintiffs fail to specify which of the six discovery orders were issued in error, essentially arguing that the cumulative effect of the orders constitutes abuse of discretion. We disagree.

The trial court was unpersuaded by plaintiffs' contention that the digital portal did not contain all the Morgan Stanley documents plaintiffs sought in discovery. The parties thoroughly litigated the question, with plaintiffs

repeatedly seeking relief via motion. The trial court's understanding of the dispute over Morgan Stanley records evolved with each successive motion. We see nothing in the record from which we could conclude the trial court misunderstood or misapplied the law, and we decline to intervene. Capital Health Sys., 230 N.J. at 79-80.

We next consider the Maintech discovery dispute. The record shows the trial court found credible Kaynes' assertion that it had no Maintech documents. Maintech, while a central figure in the litigation, was not a party. As such, plaintiffs had ample opportunity over the extended discovery period to subpoena Maintech-related witnesses for deposition and subpoena Maintech for the production of relevant documents. The record shows plaintiffs were less than successful in their efforts to secure witnesses or documents related to Maintech. These significant discovery defects, which plaintiffs insist hurt their case for damages before the jury, cannot be laid at the feet of the trial court. We discern no abuse of discretion or misapplication of the law regarding the court's discovery orders as they relate to Maintech.

Plaintiffs also argue the trial court erred when it barred certain Maintech business records at trial. Plaintiffs contend these documents were central to their damages case at trial. The record shows the disputed documents to be three

11

pages which were a part of exhibit P-3. The business records were produced by Maintech, not Kaynes. The trial court found plaintiffs failed to lay a sufficient foundation at trial regarding the Maintech business records and barred their admission into evidence. Because plaintiffs did not produce the records, co-plaintiff Kabile's testimony about them was insufficient. There is no reason to disturb the court's decision to bar the Maintech records, and we find no abuse of discretion. Est. of Hanges, 202 N.J. at 383-84.

Given our analysis, it follows that the trial court's denial of reconsideration was proper.

Any contentions raised by plaintiffs on appeal not addressed here lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION